**BREWER v. UNITED STATES.**

No. 2210.

United States District Court
E. D. Tennessee, N. D.

Jan. 21, 1954.

Taylor & Badgett, Marne Matherne, Knoxville, Tenn., for plaintiff.

John C. Crawford, Jr., U. S. Dist. Atty., Knoxville, Tenn., for defendant.

ROBERT L. TAYLOR, District Judge.

Defendant has moved that the case be dismissed on the ground that the Court is without jurisdiction to entertain the suit and grant the relief sought.

Plaintiff commenced the action as the alleged principal beneficiary to recover the sum of $10,000 which he alleges defendant was obligated to pay under the terms of the Servicemen's Indemnity Act of 1951, 38 U.S.C.A. § 851 et seq. The serviceman on account of whose death the obligation allegedly arose was Hugh H. Brewer, brother of the plaintiff. The complaint alleges that the serviceman was killed in Korea on June 16, 1952. It is further alleged that this action was commenced for the reason that plaintiff's claim for the $10,000 was rejected by the Veterans' Administration.

■ The Court is of the opinion that it is without jurisdiction to review the decision of the Administrator of Veterans' Affairs, or to grant the relief prayed for. Two sections of the Code, 38 U.S.C.A. §§ 11a–2 and 858, are determinative of the question of jurisdiction,

38 U.S.C.A. § 11a–2 is as follows:

"Notwithstanding any other provisions of law, except as provided in section 445 of this title, as amended,, and in section 817 of this title, the decisions of the Administrator of Veterans' Affairs on any question of law or fact concerning a claim for benefits or payments under any Act administered by the Veterans' Administration shall be final and conclusive and no other official or any court of the United States shall have

power or jurisdiction to review any such decisions."

The Servicemen's Indemnity Act of 1951 is an Act "administered by the Veterans' Administration". Judicial review of decisions of the Administrator is prohibited, except as to disagreements relative to claims arising under contract, premium-paying insurance. It is not insisted that the claim here arose from contract. It is, in fact, a Congressional gratuity.

Section 1009 of Title 5, U.S.C.A., being that part of the Administrative Procedure Act relied on by plaintiff as authorizing judicial review, begins as follows:

"Except so far as (1) statutes preclude judicial review or (2) agency action is by law committed to agency discretion. * * *"

As the Court construes Section 1009, it provides for judicial review of administrative action only in cases not within the foregoing exceptions.

■■ Plaintiff's views are that chronology in enactment of Section 1009 of Title 5, and Section 11a–2 of Title 38, gave the Administrative Procedure Act precedence over Acts inconsistent therewith. That rule of construction, important in some situations, does not apply here. The words, "except so far as (1) statutes preclude judicial review * * *" are of neither retrospective nor prospective limitation, but give to the statute general application. As a general statute, it applies only where there is no inconsistent special statute applicable to the same subject matter. Any special statute then existing or thereafter enacted that is inconsistent with the general statute takes precedence over the latter. Under this rule of construction section 11a–2, being special, would control in all questions arising under the special statute. Clifford F. MacEvoy Co. v. U. S. ex rel., 322 U.S. 102, 64 S.Ct. 890, 88 L.Ed. 1163; State of Missouri v. Ross, 299 U.S. 72, 57 S.Ct. 60, 81 L.Ed. 46; U. S. v. Mammoth Oil Co., 8 Cir., 14 F.2d 705, affirmed 275 U.S. 13, 48 S.Ct. 1, 72 L.Ed. 137.

■ An additional reason for holding that the Court is without jurisdiction arises from construction of the last section of the Servicemen's Indemnity Act of 1951, which contains the following:

"Provisions of sections 101–104, 131–133, 450, 454a, 556a, and 715 of this title, insofar as they are applicable, shall apply to the provisions of this sub-chapter * * *." 38 U.S.C.A. § 858.

A reading of the sections included by reference discloses nothing that confers jurisdiction upon courts to review decisions of the Administrator. The very important sections 445 and 817 of Title 38, U.S.C.A., which authorize court action for relief under veterans' insurance of contract character, as opposed to benefits in the nature of gratuities, are not found among or mentioned in the included sections. Under the familiar rule of legislative construction, *inclusio unius est exclusio alterius*, authority for judicial review is excluded.

■■ Without specific statutory authorization, the sovereign may not be sued. United States v. United States Fidelity & Guaranty Co., 309 U.S. 506, 60 S.Ct. 653, 84 L.Ed. 894; Kansas v. United States, 204 U.S. 331, 27 S.Ct. 388, 51 L.Ed. 510; United States v. Thompson, 98 U.S. 486, 25 L.Ed. 194. And waivers of immunity are not broadly construed. United States v. Shaw, 309 U.S. 495, 60 S.Ct. 659, 84 L.Ed. 888. Not only is extension of 38 U.S.C.A. §§ 817 and 445, not warranted but, in the Court's opinion, is forbidden by 38 U.S.C.A. § 11a–2.

The Court being without jurisdiction to entertain the suit and grant the relief sought, the motion to dismiss should be sustained.

An order will be prepared accordingly.