**Nadine B. MILLER, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. 8005.**

United States District Court
W. D. Missouri, W. D.

Sept. 30, 1954.

204

Fred Mancuso, Kansas City, Mo., for plaintiff.

Edward L. Scheuffler, U. S. Dist. Atty., O. J. Taylor, Asst. U. S. Dist. Atty., Kansas City, Mo., for defendant.

WHITTAKER, District Judge.

This is an action by the widow of a soldier, who gave his life in the service of our country, to recover the $10,000 of life insurance granted by the Congress under Subchapter II, Sections 851 to 858, of Title 38 U.S.C.A., commonly known as the Servicemen's Indemnity Act.

The matter is now before me upon the separate motions of both plaintiff and defendant for a summary judgment.

There is no dispute in the facts. The complaint alleges, and the amended answer admits, that the soldier, Edward R. Miller, at the time of his death while in the Armed Services, was insured under said Act in the amount of $10,000; that the plaintiff is his widow, and, inasmuch as the deceased soldier did not designate a specific beneficiary of the insurance, the plaintiff, as the widow, is the beneficiary of the insurance; that following the soldier's death the plaintiff, as the widow, made claim in writing to the Veterans Administration for payment of the insurance; that the Veterans Administration or a duly authorized employee thereof has refused to pay the insurance proceeds, and that a disagreement exists between the plaintiff and the Veterans Administration in respect to said claim.

The answer challenges the jurisdiction of the Court to entertain a suit to recover the insurance provided by the Act. This is the sole defense. The defendant's argument is that, quite differently from actions upon "policies of insurance" issued under Subchapter I, Sections 801 to 823, of Title 38 U.S.C.A. commonly known as the National Service Life Insurance Act, the insurance afforded under Subchapter II, Sections 851 to 858, Title 38 U.S.C.A. is "a gratuity rather than a contractual matter", and payment can be granted or withheld in the exclusive discretion of the Administrator of Veterans' Affairs, under the provisions of Section 11a-2, Title 38 U.S.C.A. and that the United States has not consented to be sued for such insurance and that the courts are without jurisdiction or power to entertain such suits.

Upon first reading, this position shocks the conscience. Further study of the law has not changed my first impression. Servicemen who lose their lives

in the service of our country, and the families of those men, are not the discretionary cestuis of a beneficent Veterans Administration, but, rather, are the beneficiaries of a grateful America, whose Congress, by the adoption of Subchapter II of Title 38 U.S.C.A. gave them a vested property right in the life insurance thereby afforded.

When the Congress enacted Subchapter II of Title 38 U.S.C.A., its provisions became as much a contract of insurance between the Government as insurer, the serviceman as insured, and his widow as beneficiary, as if those terms had been embodied in a separate instrument and called an "Insurance policy", which was the mode pursued in Subchapter I of Title 38 U.S.C.A., commonly known as the National Service Life Insurance Act. Thus, it is not true to say, as defendant argues, that the relation between the Government and the serviceman and his beneficiary in respect of the insurance afforded by Subchapter II, Title 38 U.S.C.A., is not "contractual" and vested, but affords insurance only if the Administrator so elects. Nor does it make any difference that such insurance is afforded "automatically" and without a specific premium charge, for this insurance is but added compensation to the serviceman for his services and well within the power of Congress to grant.

The conclusion is inescapable that the insurance afforded by Subchapter II of Title 38 U.S.C.A., became a lawful property right of the serviceman upon his induction after June 27, 1950, and that when his death occurred in the line of duty and while covered by that act his beneficiary—the widow in this case—was instantly vested with an enforceable right to recover the proceeds of the insurance, and her rights, being thus vested, were not subject to defeat in the discretion of the Administrator or his employees.

Defendant's argument, that Section 11a–2, Title 38 U.S.C.A., vests the Administrator of Veterans Affairs with the sole and exclusive discretion to determine whether or not such claims shall be paid, ignores the specific exception, beginning in the first line of that section, reading, "except as provided in sections 445, and 817 *of this title,*" the decisions of the administrator shall be final and conclusive. Turning to Section 445, Title 38 U.S.C.A., we find the language "In the event of disagreement as to claim * * * under a contract of insurance between the Veterans' Administration and any person or persons claiming thereunder an action on the claim may be brought against the United States either in the United States District Court for the District of Columbia or in the district court of the United States in and for the district in which such persons or any one of them resides, and jurisdiction is conferred upon such courts to hear and determine all such controversies. * * *" I do not readily perceive how the consent of the United States to be sued on "a contract of insurance" (and, as above stated, that is precisely what the terms of Subchapter II, Title 38 U.S.C.A., result in) in the district courts of the United States could be more explicitly given, or how jurisdiction of district courts, in such cases, could be more specifically conferred.

Defendant cites and relies upon the case of Brewer v. United States, D.C., 117 F.Supp. 842. I am unable to agree with that decision.

I, therefore, conclude that there is no merit in defendant's contention that the Administrator of Veterans Affairs has an exclusive discretion to determine whether or not the Government's contracts of insurance with its servicemen and their beneficiaries, afforded under the provisions of Subchapter II, Title 38 U.S.C.A., commonly known as the Servicemen's Indemnity Act, shall be kept and performed, and that the courts are without jurisdiction or power to entertain actions on such contracts; and inasmuch as that is the only defense asserted here, it follows that the plaintiff is entitled to judgment as a matter of

law and that her motion for summary judgment should be, and it is hereby, sustained, and defendant's motion for summary judgment should be, and it is hereby, denied. Settle order upon notice.