**Lucy J. BISHOP, Plaintiff,**

v.

**UNITED STATES of America, and Ethel D. Morrison, Defendants.**

**No. 9076.**

United States District Court
W. D. Missouri, W. D.

April 11, 1955.

Chester B. Kaplan, Koenigsdorf, Kaplan, Kraft & Koenigsdorf, Kansas City, Mo., for plaintiff.

Edward L. Scheufler, U. S. Atty., by Horace Warren Kimbrell, Asst. U. S. Atty., Kansas City, Mo., for defendant United States of America.

Thomas E. Walsh, Kansas City, Mo., for defendant Ethel D. Morrison.

DUNCAN, Chief Judge.

Plaintiff instituted this suit in this court against the defendants alleging that she, as the Mother of Master Sergeant William R. Morrison, who had been officially declared dead, was, at the time of his death, the holder of a policy of National Service Life Insurance in the sum of $10,000 and that she was named as the beneficiary therein, and sought judgment declaring her to be the beneficiary and for the payment of the principal sum.

Thereafter the defendant Ethel D. Morrison, wife of the deceased, filed answer denying that the plaintiff was the beneficiary, and asking the court to declare her to be the beneficiary, and order the proceeds paid to her.

The United States filed motion to dismiss alleging lack of jurisdiction, which was supported by memorandum and the affidavit of Horace Kimbrell, Assistant District Attorney denying that the deceased was the holder of a National Service Life Insurance certificate, but that in truth and in fact, he was the holder of a Servicemen's Indemnity, and that the defendant, Ethel D. Morrison, wife of the deceased, was the named beneficiary therein.

It was the contention of the Government that the Act of Congress creating Servicemen's Indemnity did not expressly confer the right to bring suit against the United States to recover Servicemen's indemnity.

Thereafter a pretrial conference was held between the parties, and pursuant to such conference, an amended complaint was filed by the plaintiff in which she alleged that she was entitled to the benefits of the Servicemen's Indemnity rather than the National Service Life Insurance.

Thereafter both the United States and defendant Morrison filed motions for summary judgment.

The question of the right to sue the Government to recover Servicemen's Indemnity has been passed on by the United States Court of Appeals in U. S. v. Houston, 6 Cir., 216 F.2d 440 in which the court stated:

"In this case the district court reviewed an award of indemnity made by the Administrator of Veterans' Affairs under the Servicemen's Indemnity Act of 1951, 38 U.S.C.A. § 851 et seq. The court entered a judgment directing the United States to pay the indemnity to specified parties and to pay a fee to the attorneys of the successful parties. It is evident from a careful examination of the relevant statutes that unlike the National Service Life Insurance Act, 38 U.S.C.A. § 817, a district court is without jurisdiction to review an award made by the Administrator of Veterans' Affairs under the Servicemen's Indemnity Act of 1951, 38 U.S.C.A. § 11a–2. See Brewer v. United States, D.C.Tenn., 117 F.Supp. 842. Accordingly, the judgment of the district court is reversed with direction to dismiss the complaint."

The Motion for summary judgment of each defendant is therefore hereby sustained.

It Is Therefore Ordered, Adjudged and Decreed by the Court that plaintiff take nothing by her complaint, and that the defendants have and recover of the plaintiff, their costs herein expended.