223 F.2d 762
 George H. BRASIER, Appellant,
v.
UNITED STATES of America; H. V. Higley, Administrator of Veterans Affairs, Veterans Administration, Washington, D. C.; Ted Martens, Chief of Vocational Rehabilitation and Education Division, Veterans Administration, Lincoln, Nebraska; Freeman B. Decker, Superintendent of Public Instruction, Lincoln, Nebraska; Wayne O. Reed, former Superintendent of Public Instruction, Lincoln, Nebraska; and Otto G. Ruff, former Supervisor of Veterans Education, Lincoln, Nebraska, Appellees.
 No. 15283.
 United States Court of Appeals Eighth Circuit.
 June 21, 1955.
 Rehearing Denied July 27, 1955.
 
 COPYRIGHT MATERIAL OMITTED Herbert W. Baird, Lincoln, Neb., for appellant.
 William C. Spire, Asst. U. S. Atty., Omaha, Neb. (Donald R. Ross, U. S. Atty., Omaha, Neb., was with him on the brief), for appellees the United States, H. V. Higley, Administrator of Veterans Affairs, Veterans Administration, Washington, D. C., and Ted Martens, Chief of Vocational Rehabilitation and Education Division, Veterans Administration, Lincoln, Nebraska.
 Robert V. Hoagland, Asst. Atty. Gen. of Nebraska (Clarence S. Beck, Atty. Gen. of Nebraska, was with him on the brief), for appellees Freeman D. Decker, Superintendent of Public Instruction, Lincoln, Neb., Wayne O. Reed, former Superintendent of Public Instruction, Lincoln, Neb., and Otto G. Ruff, former Supervisor of Veterans Education, Lincoln, Neb.
 Before SANBORN, WOODROUGH and VOGEL, Circuit Judges.
 SANBORN, Circuit Judge.
 
 
 1
 This is an appeal from a judgment dismissing the amended and supplemental complaint of the plaintiff (appellant) in an action brought by him, as the owner of the Lincoln Barber College, against the defendants (appellees) to recover damages resulting from the alleged repudiation of his contract with the Veterans' Administration for the training of eligible veterans in barbering. The contract was entered into under Public Laws 16 and 346, 78th Congress, as amended, Veterans' Regulation No. 1(A), pt. 7 and Servicemen's Readjustment Act of 1944, 38 U.S.C.A. following section 745 and § 693 et seq.
 
 
 2
 The District Court, in ruling upon motions of the defendants to dismiss, held that it was without jurisdiction, that the complaint failed to state a claim against the defendants upon which relief could be granted, and that the Administrator of Veterans' Affairs residing in Washington, D. C., was not subject to suit in the District of Nebraska.
 
 
 3
 The facts deducible from the complaint as amended and supplemented may be summarized as follows: The plaintiff was the owner and operator of the Lincoln Barber College in Lincoln, Nebraska, which, pursuant to 38 C.F.R. § 21.418 (a) and (b), received State approval for the training of veterans on November 15, 1948. The Veterans' Administration on August 8, 1949, contracted with the Lincoln Barber College for the training of eligible veterans, at Government expense, for the period of one year from July 1, 1949. The plaintiff asserts that the contract was not formally approved until September 6, 1949. By its terms, the contract was terminable by the Veterans' Administration at any time upon sixty days' notice, but was not so terminated. The contract contained a provision "that any obligation assumed by the Veterans Administration under this contract is limited to the appropriated funds made available therefor." State approval of the plaintiff's school for the training of veterans was withdrawn on September 12, 1949, and the Veterans' Administration on September 13, 1949, terminated the approved status of the plaintiff's school for the training of veterans not already enrolled as of August 24, 1949. These administrative actions were taken pursuant to the Independent Offices Appropriation Act, 1950, Public Law 266, 81st Congress, 63 Stat 631, which contained a provision, page 653 of 63 Stat., that no part of the appropriation made for education and training under Title II of the Servicemen's Readjustment Act of 1944, Public Law 346, 78th Congress, 58 Stat. 287, as amended, see § 701(f) of Title 38 U.S.C.A., should be expended after the effective date of the Appropriation Act, August 24, 1949, "for any veteran for a course in an institution which has been in operation for a period of less than one year immediately prior to the date of enrollment in such course unless such enrollment was prior to the date of this Act." The official action taken by the defendants pursuant to the Appropriation Act, Public Law 266, made it impossible for the plaintiff to operate his school, which evidently had, on August 24, 1949, a dearth of enrolled veterans, and the school "collapsed."
 
 
 4
 It is the theory of the plaintiff that his contract with the Veterans' Administration was property, and that the termination and frustration of that contract by the acts of the defendants constituted the taking of such property without just compensation and without due process of law, in violation of the Fifth Amendment to the Constitution of the United States. He contends, therefore, that he had a claim upon which relief could be granted, and that the District Court, under Section 1331 of Title 28 U.S.C.A., had jurisdiction of his action as one arising under the Constitution of the United States for damages alleged to be in excess of $3,000.
 
 
 5
 It is clear that whatever right or privilege the plaintiff had under his contract with the Veterans' Administration to educate and train veterans not already enrolled in his school was terminated by a decision of the Administrator of Veterans' Affairs for the reason that Congress had refused to authorize the payment of tuition for the training of any veteran not already enrolled at the school on August 24, 1949. It is also clear that, by the terms of the contract, the obligation of the Veterans' Administration to pay the plaintiff tuition for veterans not enrolled before August 24, 1949, ceased as of that date.
 
 
 6
 We are satisfied that the plaintiff acquired no vested right to have his school remain an approved and accredited school for the training of veterans. His contract called for the training of eligible veterans, and it is apparent that on August 24, 1949, Congress withdrew the eligibility of veterans for training at the plaintiff's school, excepting those already enrolled. The plaintiff could have no greater rights to be paid tuition for training veterans than Congress authorized. The education and training provided by Congress for veterans, at Government expense, were obviously for their benefit and not for the benefit of the schools which might be selected by the Veterans' Administration to educate and train them. New York Technical Institute of Maryland, Inc., v. Limburg, D. C.Md., 87 F.Supp. 308, 312. We are in complete accord with the view expressed by Judge Chesnut in that case, and by the District Court in the instant case, "that the provision for educational and vocational training to veterans is in the nature of a gratuity, as are pensions, that may be granted or withheld in the wisdom of Congress. * * * Such gratuities are, of course, quite different from veterans' contractual rights under war risk insurance policies. Lynch v. United States, 292 U.S. 571, 577, 54 S.Ct. 840, 78 L.Ed. 1434."
 
 
 7
 The decision to terminate the plaintiff's contractual privilege to train veterans not enrolled prior to August 24, 1949, was an administrative decision of the Administrator of Veterans' Affairs. As such it was final and conclusive and not subject to review. The District Court was without jurisdiction to overrule, override or disregard the decision. Section 11a-2 of Title 38 U.S. C.A., so far as here pertinent, provides that "the decisions of the Administrator of Veterans' Affairs on any question of law or fact concerning a claim for benefits or payments under any Act administered by the Veterans' Administration shall be final and conclusive and no other official or any court of the United States shall have power or jurisdiction to review any such decisions."
 
 
 8
 Section 705 of Title 38 U.S.C.A. provides that "All decisions rendered by the Administrator of Veterans' Affairs under the provisions of sections 701, 702, 703, 704, 705, 706, 707-710, 712-715, 717, 718, 720, and 721 of this title [relating to vocational rehabilitation and to other benefits for veterans] or the regulations issued pursuant thereto, shall be final and conclusive on all questions of law and fact, and no other official or court of the United States shall have jurisdiction to review by mandamus or otherwise any such decision."
 
 
 9
 These statutory provisions clearly deprive a District Court of the United States of jurisdiction over a case based upon the claim that a decision of the Administrator of Veterans' Affairs improperly terminated or rendered ineffective a contract for the training of veterans.
 
 
 10
 There is no controlling distinction between this case and Fletcher v. Veterans Administration, D.C.E.D.Mich., 103 F. Supp. 654, in which Judge Thornton dismissed, for lack of jurisdiction, a similar claim, because of the statutory provisions above quoted.
 
 
 11
 We conclude that Congress has vested in the Veterans' Administration the exclusive right to determine the veterans who are eligible to the benefits of education and vocational rehabilitation provided by Congress; to designate the institutions and schools in which they may be trained; and to withdraw veterans from any institution which can be, or is, no longer approved for their training.
 
 
 12
 The termination of the contract in suit by the Veterans' Administration was not subject to review, and did not, in our opinion, constitute a taking of the plaintiff's property without just compensation or without due process of law. The contract was subject to the exercise of the powers conferred by Congress upon the Administrator of Veterans' Affairs relative to the education and training of veterans. His termination of the contract, we think, did not give rise to any actionable right to enforcement of the contract or to damages for its termination. We think it makes no difference whether the contract became fully effective on August 8, 1949, before the enactment of Public Law 266, 81st Congress, or on September 6, 1949, after the enactment of that law. It is inconceivable to us that officials of a State agency and of the Veterans' Administration having to do with the education and training of veterans under Congressional authority and at Government expense, can become liable for damages, either personally or officially, for acts performed pursuant to law in the line of their duty under circumstances such as those upon which the plaintiff's claim is based.
 
 
 13
 The Administrator of Veterans' Affairs, who was domiciled in the District of Columbia, was not subject to suit in the District of Nebraska. Section 1391(b) of Title 28 U.S.C.A.; Blackmar v. Guerre, 342 U.S. 512, 516, 72 S.Ct. 410, 96 L.Ed. 534.
 
 
 14
 It is our conclusion that the plaintiff's amended and supplemental complaint was properly dismissed on the grounds and for the reasons stated by the District Court.
 
 
 15
 The judgment appealed from is affirmed.