Mrs. Nancy Ellen Gilbert ACKER,
Appellant,

v.

UNITED STATES of America,
Appellee.

No. 15623.

United States Court of Appeals
Fifth Circuit.

Oct. 28, 1955.

Jackson B. Harris, J. D. Maddox, Maddox & Maddox, Rome, Ga., for appellant.

James W. Dorsey, U. S. Atty., Charles D. Read, Jr., Asst. U. S. Atty., Atlanta, Ga., Morton Hollander, Atty., U. S. Dept. of Justice, Washington, D. C., Warren E. Burger, Asst. Atty. Gen., Geo. Stephen Leonard, Acting Asst. Atty. Gen., Samuel D. Slade, Attys., Dept. of Justice, Washington, D. C., for appellee.

Before HUTCHESON, Chief Judge, and BORAH and CAMERON, Circuit Judges.

HUTCHESON, Chief Judge.

Filed by the deceased's mother as his beneficiary under the purported authority of the Servicemen's Indemnity Act of 1951, Part One Public Law 23, 82nd Congress, 38 U.S.C.A. § 851 et seq.[1] the suit was brought to recover the $10,000 death gratuity provided by the Act. Her complaint alleged: that her son had filed with the proper authorities a written designation of plaintiff as his beneficiary of the insurance provided by the Act; that she had filed with the Veterans' Administration a claim for the benefits under such contract of insurance; that the claim was disallowed; and that a disagreement exists between

1. Public Law 23 captioned: "An Act "To authorize the payment by the Administrator of Veterans' Affairs of a gratuitous indemnity to survivors of members of the Armed Forces who die in active service, and for other purposes."

her and the Veterans' Administration entitling her to bring suit on the claim.

The United States filed a motion to dismiss the complaint on two grounds: (1) The complaint fails to state a claim upon which relief can be granted; (2) The court lacks jurisdiction.

The District Court, stating in his order the substance of the pleadings as above, and that the indemnity provided by the Act is not a contract of Insurance within the meaning of 38 U.S.C.A. § 445, but a gratuitous indemnity as to which no authority to sue the United States has been granted, concluded his order thus:

> "Policies of War Risk Insurance are contracts of the United States, White v. United States, 270 U.S. 175 [46 S.Ct. 274, 70 L.Ed. 530], while 'pensions, compensation allowances and privileges are gratuities, they involve no agreement of parties and the grant of them create no vested right. The benefits conferred by gratuities may be redistributed or withdrawn at any time within the discretion of Congress.' Lynch v. United States, 292 U.S. 571, 577 [54 S.Ct. 840, 78 L.Ed. 1434].

> "This Court is without jurisdiction to review the decision of the Administrator of Veterans Affairs or to grant the relief prayed for. See United States v. Houston, 6 Cir., 216 F.2d 440, approving Brewer v. United States, D.C.Tenn., 117 F.Supp. 842. See also Van Horne v. Hines [74 App.D.C. 214], 122 F.2d 207.

> "The motion of the defendant, United States of America to dismiss the complaint is sustained and the complaint is dismissed at plaintiff's costs."

Appealing from that order, plaintiff is here urging upon us that the automatic insurance afforded by the Act is in effect a contract of insurance and

plaintiff's suit is specifically authorized under 38 U.S.C.A. § 445, which provides that "In the event of disagreement as to any claim arising under this Act, suit may be brought," etc., and the court therefore has jurisdiction of the suit. In support she cites cases decided under Sec. 19 of the World War Veterans' Act of 1924, 38 U.S.C.A. § 445, and the National Service Life Insurance Act of 1940, 38 U.S.C.A. § 802(d) (3) (A); Cunningham v. United States, 5 Cir., 67 F.2d 714; United States v. Jackson, 4 Cir., 89 F.2d 572; Id., 302 U.S. 628, 58 S.Ct. 390, 82 L.Ed. 488; Fox v. United States, 5 Cir., 201 F.2d 883, and one district court case decided under the Act in question here, Miller v. United States, D.C., 124 F.Supp. 203.

The United States, vigorously opposing these contentions, points out that while Part One of the Servicemen's Indemnity Act, under which plaintiff seeks to sue, provides in Section 3 that "Upon certification by the Secretary of the service department concerned *of the death of any person deemed to have been automatically insured under this part, the Administrator of Veterans' Affairs shall cause the indemnity to be paid as provided in section 4,*" (emphasis supplied) no provision is made in the Act for suit.

So pointing, it insists that there is no more basis for the claim that automatic insurance is contractual and that consent to sue has been given here, than there is in the case of pensions, compensation allowances, and other gratuities from time to time granted by the congress. Calling to our attention that the Act construed in the Cunningham and Jackson cases, supra, in which appellant puts her trust, in express terms made a contractual grant of insurance by providing as to the servicemen covered by it that they "shall be deemed to have applied for and to have been granted" a regular contract, and conceding that if the same language had been used in the 1951 Servicemen's Indemnity Act, appellant's position would be sound, it points to the legislative history of this act show-

ing that the very language used in the earlier act was proposed and rejected.[2]

In further support of its views, the appellee cites one Court of Appeals decision, United States v. Houston, 6 Cir., 216 F.2d 440, and many District Court decisions [3] holding that unlike under the National Service Life Insurance Act, 38 U.S.C.A. § 817, a district court is without jurisdiction to review an award made by the Administrator of Veterans Affairs under the Servicemen's Indemnity Act of 1951.

Appellant concedes that Part One, the "Servicemen's Indemnity Act of 1951", which provides for the indemnity sued for, contains no consent by the United States to be sued or provision for suit against the United States in respect of the gratuitous indemnity provided for in it. She insists, however, that this part, like Part Two, "Provisions relating to United States Government Life Insurance and National Service Life Insurance", which is expressly declared to be an amendment of the National Life Insurance Act of 1940 and is cited as the Insurance Act of 1951, 38 U.S.C.A. § 820 et seq. is an amendment to the National Service Life Insurance Act of 1940, and the provisions for suit in that act, as amended in 1951, apply to the automatic insurance provided for in Part One just as they do to the contractual insurance granted in Part Two and the 1940 Act which it expressly amends.

We think this will not at all do. While it is true that the two acts, the Servicemen's Indemnity Act of 1951 and the Insurance Act of 1951, are Parts One and Two of Public Law 23, it is not at all true that they are not separate acts but two parts of one act, that act an amendment of the National Life Insurance Act of 1940. This is made plain by the Preamble to Public Law 23, note 1, supra, and by the different and separate character of the two acts as shown by the different caption of each, the different name under which each is to be cited, and the different content of each. It is particularly shown by the fact that while Part Two is declared to be, and is, an amendment to the National Life Insurance Act of 1940 and is to be cited as the Insurance Act of 1951, Part One is stated to be, and is an act to authorize the payment of a gratuitous indemnity and is cited, not as an insurance act but as the Servicemen's Indemnity Act of 1951 and while provision is made in it for promulgation by the Administrator of Veterans Affairs of Rules and Regulations to carry out the purpose of Part

2. Because appellee's brief so carefully and correctly states the effect of the language in the earlier act and the legislative history of the 1951 Act, we here quote fully from it:

"It is true that had Congress provided that a serviceman coming within the protection of the 1951 Act 'shall be deemed to have applied for and to have been granted' a regular contract of National Service Life Insurance or United States Government life insurance, the Cunningham and Jackson cases would be in point and appellant's argument that the 1951 Act gave rise to a contract of insurance would have force. Indeed, it was proposed early in the consideration of H.R. 1, 82d Cong., 1st Sess.—the bill which later became the 1951 Act—to issue insurance on such a basis. Senator George, the Chairman of the Finance Committee, considering H.R. 1, proposed that instead of issuing automatic and gratuitous indemnity, the serviceman 'shall be deemed to have applied for and to have been granted National Service Life Insurance in the amount of $10,000.' 97 Cong.Rec. 1515–1516; Hearings before Senate Committee on Finance on 'Servicemen's Gratuitous Insurance', S.84, S.304, S.506, S.654, and H.R. 1, 82d Cong. 1st Sess., Jan. 25, 1951, p. 1. But Senator George's substitute bill, S.84, was abandoned in favor of H.R. 1, which contained no such language and under which the insurance, as we have noted was issued as a complete gratuity."

3. Brewer v. United States, D.C., 117 F. Supp. 842; Declet v. Veterans Administration, D.C., 129 F.Supp. 566; McCoy v. United States, No. 3548, D.C.E.D.Okl. May 1954; Pugh v. United States, D.C.E. D.Tex. No. 1687, July 21, 1954; Yurgensen v. Higley, D.C.N.J., No. 420–54, March 28, 1955. Bishop v. United States, D.C.W.D.Mo., 135 F.Supp. 647; Jones v. United States, D.C.E.D.Pa., No. 18069, April 21, 1955; Cyrus v. United States, D.C.Mass., 132 F.Supp. 300.

One, no provision is made, as is made in respect of contract insurance, for suit in the event of a disagreement. When it is borne in mind that, as so well and clearly pointed out in Lynch v. United States, 292 U.S. 571, 54 S.Ct. 840, 78 L.Ed. 1434, the United States may not be sued without its consent and that such consent must be expressed and not implied, it is we think quite plain: that the district judge was right in holding that jurisdiction to entertain the suit was lacking; and that his judgment must be affirmed.

Affirmed.