Geneva Brown **FORD**, Appellant,

v.

**UNITED STATES** of America,
Appellee.

No. 15826.

United States Court of Appeals
Fifth Circuit.

Feb. 29, 1956.

Malcolm R. Maclean, Savannah, Ga., for appellant.

Paul A. Sweeney, Chief, Appellate Section, Morton Hollander, Atty., Dept. of Justice, Washington, D. C., Joseph B. Bergen, Asst. U. S. Atty., Savannah, Ga., William W. Ross, Atty., Dept. of Justice, Washington, D. C., Warren E. Burger, Asst. Atty. Gen., William C. Calhoun, U. S. Atty., Augusta, Ga., for appellee.

Before BORAH, TUTTLE and BROWN, Circuit Judges.

PER CURIAM.

Action against the United States by the natural mother of a soldier to recover the $10,000.00 payment under the Servicemen's Indemnity Act of 1951, Public Law 23, 82nd Congress, Chapter 39, 1st Session, 38 U.S.C.A. § 851 et seq., and which amount the Veterans Administration had awarded to the soldier's aunt and uncle as persons standing in the relationship of parents. As a claim seeking judgment for the money, the District Court was right in its order of dismissal. Acker v. United States, 5 Cir., 226 F.2d 575. The assertion, now made

on the appeal, that it was likewise an effort to review the correctness of the Administrator's action under the Administrative Procedure Act, 5 U.S.C.A. § 1001 et seq., fares no better since Section 10, 5 U.S.C.A. § 1009, specifically excepts administrative actions when the "(1) statutes preclude judicial review * * *." While the Congressional intention to preclude judicial review of administrative action must be clearly and positively reflected, Heikkila v. Barber, 345 U.S. 229, 73 S.Ct. 603, 97 L.Ed. 972, cf. Shaughnessy v. Pedreiro, 349 U.S. 48, 75 S.Ct. 591, 99 L.Ed. 868, and Marcello v. Bonds, 349 U.S. 302, 75 S.Ct. 757, 99 L.Ed. 1107, that standard is met here both by the intrinsic nature of this as an act of pure gratuity from the sovereign's grace, Acker v. United States, supra, and the categorical declaration that, except for certain specified matters for which a judicial remedy is created, the Administrator's decision on all questions of law or fact concerning a claim for benefits or payments under any act administered by the Veterans Administration shall be final, conclusive and beyond the power of any court to review. 38 U.S.C.A. § 11a–2, Brasier v. United States, 8 Cir., 223 F.2d 762, and see Federal Power Commission v. Colorado Interstate Gas Company, 348 U.S. 492, 499, 500, 75 S.Ct. 467, 99 L.Ed. 583, 592, 593.

Affirmed.