**Birdie B. TURNER, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 15571.**

United States Court of Appeals Eighth Circuit.

Nov. 1, 1956.

John Harris Jones, Pine Bluff, Ark., for appellant.

Osro Cobb, U. S. Atty., and Walter G. Riddick, Jr., Asst. U. S. Atty., Little Rock, Ark., for appellee.

Before GARDNER, Chief Judge, and WOODROUGH and VOGEL, Circuit Judges.

GARDNER, Chief Judge.

This was an action brought by appellant against the United States to recover the $10,000 death gratuity provided by the Servicemen's Indemnity Act of 1951, 38 U.S.C.A. § 851 et seq. We shall refer to the parties as they were designated in the trial court.

In her complaint plaintiff alleged, in effect, that she was the mother of James Reed Turner who died at Little Rock, Arkansas, on July 14, 1954, being at said time an enlisted person in the United States Army; that said James Reed Turner was never married and had no children; that he was seventeen years of age at the time of his death; that the father of James Reed Turner, John Turner, was deceased; that on July 19, 1954, by order of the Secretary of the Army, a statement of death of said James Reed Turner on July 14, 1954, was executed; that the original of said statement had been submitted by plaintiff to the Veterans' Administration of the United States; that a copy thereof was held subject to the inspection of the parties and order of court; that by virtue of the provisions of the Servicemen's Indemnity Act of 1951, specifically 38 U.S.C.A. § 851, James Reed Turner was insured by defendant in the principal sum of $10,-000 against death in such service; that plaintiff had been informed and alleged upon information and belief that James Reed Turner had not executed a formal designation of beneficiary of such insurance; that said decedent had stated his intention to designate plaintiff as such beneficiary; that plaintiff was the mother of said decedent and the person who last bore that relationship to said decedent and was entitled under the provisions of said statute to receive the insurance payable by reason of the death of her son while in military service; that

within the time and manner required by law plaintiff had made claim for such insurance to the Administrator of Veterans' Affairs; that Myrtle H. and Louis W. Boyette, aunt and uncle of decedent, had also filed claim for such insurance; that by decision dated July 12, 1955, the Board of Veterans Appeals, Veterans Administration, decided that Myrtle H. and Louis W. Boyette were the last persons to act in the relationship of parents to the veteran for a period of at least one year beginning during his minority and prior to his entry into service and denied plaintiff's claim; that such decision was a "denial of plaintiff's claim by the Administrator of Veterans Affairs or someone acting in his name and on an appeal to the Administrator" within the meaning of 38 U.S.C.A. § 445, requiring resort to administrative relief prior to suit upon insurance claims, that plaintiff had exhausted her remedies for administrative relief from said decision denying her right to the relief claimed; that plaintiff was the sole surviving parent of said James Reed Turner and the person who last bore the relationship of parent to the insured; and that plaintiff was entitled to recover of and from defendant the sum of $10,000 in 120 equal monthly installments, with interest at the rate of $2\frac{1}{4}\%$ per annum from July 14, 1954.

The government interposed a motion to dismiss the complaint on the grounds that: (1) the court lacked jurisdiction and (2) the complaint failed to state a claim upon which relief could be granted. This motion was sustained by the court and from the order dismissing the complaint for want of jurisdiction plaintiff prosecutes this appeal seeking reversal on substantially the following grounds: (1) The Servicemen's Indemnity Act created legal benefits enforceable in the courts; and (2) the Veterans Administration regulation under which its decision was reached is contrary to the statute.

It is the contention of the plaintiff that her claim is not for a pension but for the proceeds of an insurance obligation or liability which the government assumed.

She concedes that if the claim is for a pension the court would be without jurisdiction and that the decision of the Board of Appeals of the Veterans Administration rejecting her claim would be final and conclusive and not subject to review by any court of the United States. 38 U.S.C.A. § 11a–2. Section 1346, Title 28 U.S.C.A., which defines the jurisdiction of the district courts provides, inter alia, that:

"(d) The district courts shall not have jurisdiction under this section of:

"(1) Any civil action or claim for a pension".

■ The fact that the words "indemnity", "beneficiaries", "insured * * * against death", and similar words or phraseology, are words which ordinarily signify a contract of insurance rather than a pension is vigorously urged in support of the contention that the relation created by the Servicemen's Indemnity Act of 1951 is in the nature of a contract of insurance rather than a grant of a pension. The act purports to authorize the Administrator of Veterans' Affairs to pay a *"gratuitous indemnity"* to survivors of members of the Armed Forces who die in active service. (Emphasis supplied.) The so-called indemnity was not an indemnity as the word is ordinarily used because it was a gratuitous indemnity which quite correctly defines a pension. Cyrus v. United States, 1 Cir., 226 F.2d 416, 418; Acker v. United States, 5 Cir., 226 F.2d 575; United States v. Houston, 6 Cir., 216 F.2d 440. In Cyrus v. United States, supra, Chief Judge Magruder speaking for the court, among other things, said:

"Finally, on April 25, 1951, Congress enacted the Servicemen's Indemnity Act of 1951, 65 Stat. 33, which was described in the preamble as an act to authorize the payment by the Administrator of Veterans' Affairs of a 'gratuitous indemnity' to survivors of members of the Armed Forces who die in active service. * * * Nowhere in the Act is the gratuitous indemnity thus provided for described as a 'contract of insurance', nor did the Act contain any provision, such as was found in the National Service Life Insurance Act of 1940 [38 U.S.C.A. § 801 et seq.] and in the World War Veterans' Act of 1924 [38 U.S.C.A. § 421 et seq.] authorizing suits against the United States on claims for the gratuitous indemnity."

In the course of the opinion in Acker v. United States, supra, it is said [226 F.2d 577]:

"* * * While it is true that the two acts, the Servicemen's Indemnity Act of 1951 and the Insurance Act of 1951 [38 U.S.C.A. § 820 et seq.], are Parts One and Two of Public Law 23, it is not at all true that they are not separate acts but two parts of one act, that act an amendment of the National Life Insurance Act of 1940. This is made plain by the Preamble to Public Law 23, note 1, supra, and by the different and separate character of the two acts as shown by the different caption of each, the different name under which each is to be cited, and the different content of each. It is particularly shown by the fact that while Part Two is declared to be, and is, an amendment to the National Life Insurance Act of 1940 and is to be cited as the Insurance Act of 1951, Part One is stated to be, and is an act to authorize the payment of a gratuitous indemnity and is cited, not as an insurance act but as the Servicemen's Indemnity Act of 1951 and while provision is made in it for promulgation by the Administrator of Veterans Affairs of Rules and Regulations to carry out the purpose of Part One, no provision is made, as is made in respect of contract insurance, for suit in the event of a disagreement."

■ The government could not, of course, be sued without its consent. Cyrus v. United States, supra; Acker v. United States, supra; Brasier v. United States, 8 Cir., 223 F.2d 762.

We are of the opinion that the Servicemen's Indemnity Act of 1951 did not, by granting a gratuitous indemnity, create a contract vesting a right in the serviceman which the government was bound to preserve and respect, but rather, that the act made provision for a pension for the payment of which the government did not consent to be sued, and that the decision of the Board of Appeals of the Veterans Administration is final and conclusive and not subject to review by any court of the United States. The order of dismissal for want of jurisdiction is therefore affirmed.