Edna ALLEN, Plaintiff,

v.

UNITED STATES of America, and Doris Allen, Defendants.

Civ. No. P–1562.

United States District Court
S. D. Illinois, N. D.

Feb. 15, 1957.

Wayne H. Mathis, Cassidy, Sloan & Cassidy, Peoria, Ill., for plaintiff.

John B. Stoddardt, Jr., U. S. Atty., Springfield, Ill., for the United States.

**818**

Clyde C. Trager, Peoria, Ill., for Doris Allen.

MERCER, District Judge.

Plaintiff brings this action under the Servicemen's Indemnity Act of 1951, as amended, 38 U.S.C.A. § 851 et seq. Plaintiff alleges that her son Jackie Dean Allen, entered the active military service of the United States on May 23, 1951 and that at the time of his death on December 22, 1952 he was a member of the Armed Forces of the United States. She alleges that her son executed and filed with the proper authorities, a written designation of beneficiary naming plaintiff as his beneficiary of the insurance provided by such Servicemen's Indemnity Act of 1951. She further alleges that she filed a claim with the Veterans Administration of the United States for the principal amount of insurance but that the claim was denied. Plaintiff prays judgment against the defendant, the United States of America, declaring her to be entitled to the benefits under said insurance. The defendant, Doris Allen is the wife of the deceased serviceman and has received certain payments as surviving widow, in accordance with the ruling of the Veterans Administration.

Both defendants have filed motions to dismiss on the grounds that the complaint does not state a cause of action; that the action is an action against the United States of America which has not waived its immunity or consented to be sued. That no federal question is involved and that the action is based on Servicemen's Indemnity Act of 1951, entitled, "An Act to authorize the payment by the Administrator of Veterans' Affairs of a gratuitous indemnity," and that there is no provision in said Act authorizing suits against the United States of America. Oral arguments having been made by the respective parties under the rules of this Court, the motion is now before the Court for determination.

The plaintiff contends that the indemnity provided by the Act is not a gratuity as contended by defendant but is a "contract of insurance" within the meaning of 38 U.S.C.A. § 445. The defendants contend, in support of the ground for the motion, that there is no authority under the Act for a suit against them to recover the indemnity provided by the Act and that the indemnity provided under the Act is a gratuity for which Congress has not seen fit to waive the sovereign's immunity from suit and that jurisdiction is lacking to entertain such a suit.

The Indemnity Act of 1951 provides, among other things, that on and after June 27, 1950, any person in the active service of the Army, Navy, Air Force, Marine Corps, etc., shall be automatically insured by the United States, without cost to such person, against death in such service in the principal amount of $10,000. There is no express authority under the Act to bring a suit against the United States to recover the indemnity provided by the statute.

The principle is well settled that the United States may not be sued without its consent and then only in the manner and to the extent specified in the Act of Congress authorizing a waiver of the sovereign immunity from suit.

Chief Justice Taft in Eastern Transport Co. v. United States, 272 U.S. 675, at page 686, 47 S.Ct. 289, at page 291, 71 L.Ed. 472, enunciated this principle and stated as follows:

"The sovereignty of the United States raises a presumption against its suability unless it is clearly shown; nor should a court enlarge its liability to suit conferred beyond what the language requires."

Policies of War Risk Insurance are contracts of the United States, while pensions, compensation allowances and privileges are gratuities; they involve no agreement of parties and the grant of them create no vested right. The benefits conferred by gratuities may be withdrawn at any time within the discretion of Congress. Lynch v. United States, 292 U.S. 571, 54 S.Ct. 840, 78 L.Ed. 1434.

It is further to be observed that the provisions of Section 1346, Title 28 U.S.C., which are a part of the statutes commonly referred to as the "Tucker Act", do not lend any support to the contention of plaintiff that the Court is vested with jurisdiction to entertain the present action, for while said law confers original jurisdiction on District Courts of the United States, concurrent with the Court of Claims, of certain types of civil actions and claims against the United States founded upon an Act of Congress, it specifically denies jurisdiction of the District Court of the United States in any civil action or claim for a pension.

Plaintiff contends that the indemnity is not a pension and for that reason is not within the exception denying jurisdiction under Section 1346; however, in the opinion of this Court the indemnity is a gratuity possessing every essential characteristic of a pension and so far as jurisdiction of the Court is concerned, is to be regarded as included in the word "pension". Moreover, statutes surrendering sovereign immunity to suit are strictly construed against the grant of jurisdiction and one who asserts jurisdiction of his claim must make a clear showing that it is within the terms of the grant. Furthermore, in this connection, attention is directed to the case of Brewer v. United States, D.C., 117 F.Supp. 842, 844, where the Court, after quoting the provisions of Title 38, said: "The Servicemen's Indemnity Act of 1951 is an Act 'administered by the Veterans' Administration.' Judicial review of decisions of the Administrator is prohibited, except as to disagreements relative to claims arising under contract, premium-paying insurance. It is not insisted that the claim here arose from contract. It is, in fact, a Congressional gratuity."

This Court is without jurisdiction to review the decision of the Administrator of Veterans Affairs or to grant the relief prayed for. United States v. Houston, 6 Cir., 216 F.2d 440, approving Brewer v. United States, D.C.

Tenn., 117 F.Supp. 842; Van Horne v. Hines, 74 App.D.C. 214, 122 F.2d 207.

The motion of the defendant, United States of America, and the motion of the defendant, Doris Allen, to dismiss the complaint, are sustained and the complaint is dismissed at plaintiff's cost.