Madeline **WILKINSON**, Plaintiff-Appellant,

v.

**UNITED STATES of America,** Defendant-Appellee.

No. 175, Docket 24024.

United States Court of Appeals Second Circuit.

Argued Feb. 6, 1957.

Decided April 1, 1957.

Benjamin E. Kantrowitz, New York City, for plaintiff-appellant.

Miriam R. Goldman, Asst. U. S. Atty., S. D. N. Y., New York City (Paul W. Williams, U. S. Atty., New York City, on the brief), for defendant-appellee.

Before CLARK, Chief Judge, MEDINA, Circuit Judge, and SMITH, District Judge.

CLARK, Chief Judge.

The widow of a soldier killed in Korea appeals from a district court order dismissing her action for the proceeds of her husband's Government insurance on the ground that the courts lack jurisdiction to review the Veterans' Administration decision that the soldier's mother was the true beneficiary. Judicial review is precluded by 38 U.S.C. § 11a–2 unless the automatic free insurance provided the deceased by the Servicemen's Indemnity Act of 1951, 65 Stat. 33, 38 U.S.C. § 851, created a "contract of insurance" in the meaning of 38 U.S. C. § 445.[1] The trial court held, follow-

---

1. 38 U.S.C. § 445 allows review of a "disagreement as to claim * * * under a contract of insurance between the Veterans' Administration and any person or persons claiming thereunder * * *." This statute, originally enacted as § 19 of the World War Veterans' Act of 1924, 43 Stat. § 612, is expressly excepted from

ing a line of precedents cited below, that such indemnity "gratuitously provided" for servicemen did not come within the terms of the review permitted under the latter Act.

The cases are consistent in holding that the free automatic insurance provided World War I fighting men by the War Risk Insurance Act, 40 Stat. 409, constituted a "contract of insurance" within 38 U.S.C. § 445, e. g., United States v. Jackson, 302 U.S. 628, 58 S.Ct. 390, 82 L.Ed. 488; Caprio v. United States, 1 Cir., 45 F.2d 520; United States v. Campbell, 4 Cir., 139 F.2d 424; United States v. Carlson, 9 Cir., 44 F. 2d 5; Cunningham v. United States, 5 Cir., 67 F.2d 714; Morgan v. United States, 5 Cir., 115 F.2d 427; United States v. Kerr, 9 Cir., 61 F.2d 800; United States v. Preece, 10 Cir., 85 F.2d 952, certiorari denied Preece v. United States, 300 U.S. 660, 57 S.Ct. 436, 81 L.Ed. 869. We think the difference in wording between that statute and the present one is not sufficient to warrant a different result.

Nor do we find it significant that Congress expressly provided for judicial review in the National Service Life Insurance Act of 1940, 38 U.S.C. § 817, and failed to make similar provisions in the 1951 Act. At the time the latter statute was passed disputes similar to the present one under various servicemen's insurance statutes were all committed to the courts by either 38 U.S.C. § 445 or 38 U.S.C. § 817; and servicemen's families had long litigated such claims. In all probability the failure to mention judicial review here was because the Congress assumed that claims under the new statute were reviewable as contracts of insurance within 38 U.S.C. § 445. The 1951 Act amounted to little more than a mandate for payment by the Government of the premiums on what every serviceman was already strongly urged to carry, viz., $10,000 of cheap Government term insurance; and it was not considered a measure to transform Government insurance into a gratuity or to narrow the scope of review of the Veterans' Administration in this area.

We cannot interpret the limitations on judicial review set in 38 U.S.C. § 11a–2 differently here from cases where the sole beneficiary sues the Government and where Congress must have intended some court review of arbitrary agency behavior. The cases which deny review rest on inferences as to congressional intent drawn from the ambiguous legislative history of the 1951 Act and from its failure expressly to state the obvious.[2] The Supreme Court, in construing World War I insurance legislation, was unwilling to find a tacit congressional intent to convert automatic insurance into a mere gratuity, United States v. Jackson, supra, 302 U.S. 628, 58 S.Ct. 390, 82 L.Ed. 488; and we are similarly unwilling to break the expectations of the families of the men who failed to buy commercial policies in reliance on the Government's insurance. The 1951 statute created a "contract of insurance" as much as such a relationship is possible between the Government and the men whom it can compel to serve.

We agree with the forceful and persuasive opinion of Judge, now Mr. Justice, Whittaker in Miller v. United States, D.C.W.D.Mo., 124 F.Supp. 203, 204–205: "Servicemen who lose their

the provisions of 38 U.S.C. § 11a–2—enacted Oct. 17, 1940, 54 Stat. 1197—forbidding judicial review of decisions by the Administrator of Veterans' Affairs on claims for benefits or payments.

2. Ford v. United States, 5 Cir., 230 F.2d 533; Acker v. United States, 5 Cir., 226 F.2d 575; Cyrus v. United States, 1 Cir., 226 F.2d 416; United States v. Houston, 6 Cir., 216 F.2d 440; Bishop v. United States, D.C.W.D.Mo., 135 F.Supp. 647; Brewer v. United States, D.C.E.D.Tenn., 117 F.Supp. 842; Declet v. Veterans Administration, D.C.D.P.R., 129 F.Supp. 566. Most of these cases only cite authority, and none treat all the facts and arguments presented to us. To the contrary is Miller v. United States, D.C.W.D.Mo., 124 F.Supp. 203, quoted by us infra and followed in our decision herein.

lives in the service of our country, and the families of those men, are not the discretionary cestuis of a beneficent Veterans Administration, but, rather, are the beneficiaries of a grateful America * * *." We shall follow it.

Reversed and remanded.