Opinion

fer curiam:

The plaintiff’s suit is based upon asserted claims arising out of its training of veteran students in its trade school in Honolulu, Territory of Hawaii. The Veterans Administration is the Government agency whose actions are in question. The Government’s motion for judgment on the pleadings is directed at most, but not all, of the claims asserted in the plaintiff’s petition.
The plaintiff’s petition is verbose and unclear. The Government has in its brief, pp. 5-8, made an analysis of the petition which we think is accurate, and we will follow that analysis.
The petition includes claims relating to tuition rates and the alleged failure of the Government to pay tuition to which the plaintiff was entitled. The Government’s motion is directed at only what it tabulates as item 1 (a) of that claim, and is granted as to that item.
Item 2 of the Government’s tabulation covers claims by the plaintiff that the Government should pay veterans enrolled in its school the cost of tools and books which the veterans should have been, but were not, allowed to keep when they had completed their courses. The plaintiff also claims exemplary damages payable to itself for this asserted violation. Item 2 (b) is a similar claim for an order that the Government make payments to veterans. The pertinent statutes, 38 U. S. C. (1952 Ed.) §§ lla-2 and 705, make the decisions of the Veterans Administration final with regard to payments to veterans. The Government’s motion is granted as to items 2 (a) and 2 (b).
Item 3 in the Government’s tabulation covers claims related to contracts between the plaintiff and the Veterans Administration. There is a claim for loss of enrollment and tuition because the Veterans Administration included in its contracts with the plaintiff a provision that students must meet certain entrance requirements for enrollment, and a provision that the school could not collect tuition for periods when the students were absent. These contract pro *796 visions were not forbidden by law and were reasonable, and the plaintiff is bound by them. Item 3 (c) is a frivolous claim which we will not discuss. The Government’s motion is granted as to items 3 (a), (b), and (c).
Item 4 in the Government’s tabulation covers a miscellany of claims for damages for alleged wrongful acts of commission and omission by the Veterans Administration and others. Item 4 (a) is trivial and will not be discussed. The other acts complained of were authorized or required by statute. See 38 U. S. C. ch. 12A, Veterans Regulation 1 (a). Part VIII (Public Law 346), section 4; Brasier v. United States, 223 F. 2d 762 (C. A. 8), cert. denied 350 U. S. 913; Little v. United States, 138 C. Cls. 773.
Item 4 (b) is also barred by the statute of limitations, 28 U. S. C. § 2501. The action complained of occurred on September 22, 1949. The plaintiff’s petition was filed on December 22,1955. The Government’s motion is granted as to items4 (a), (b), (c),and (d).
The plaintiff’s motion for summary judgment is denied, because there are questions of fact to be litigated with regard to the items of the plaintiff’s claims which are not dismissed.
The defendant’s motion is granted as to all items of the tabulation of the defendant’s analysis of the plaintiff’s petition except items 1 (b) and (c), and the plaintiff’s petition, except as to items 1 (b) and (c), will be dismissed.
It is so ordered.