**Vernelle Nichols Hummel HALL, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 7635.**

United States Court of Appeals Fourth Circuit.

Argued June 13, 1958.
Decided June 30, 1958.

John M. Schofield, Walhalla, S. C., for appellant.

Bernard Cedarbaum, Attorney, Department of Justice, Washington, D. C. (George Cochran Doub, Asst. Atty. Gen., Joseph E. Hines, U. S. Atty., Spartanburg, S. C., and Morton Hollander, Attorney, Department of Justice, Washington, D. C., on brief), for appellee.

Before SOBELOFF, Chief Judge, and SOPER and HAYNSWORTH, Circuit Judges.

PER CURIAM.

On the death of James H. Hummel, corporal in the United States Army, his widow, Vernelle Nichols Hummel Hall, claimed the sum of $10,000.00 under the Servicemen's Indemnity Act of 1951, 38 U.S.C.A., § 851 et seq. The Veterans' Administration denied her claim, and she brought suit against the United States in the District Court for the Western District of South Carolina, alleging that she had "exhausted every remedy short of resorting to the Courts." The District Judge dismissed the complaint for lack of jurisdiction, and this appeal followed.

The sole issue is whether Congress shall be deemed to have consented to the United States' being sued in cases arising under the Servicemen's Indemnity Act. We are admonished by Justice Stone, speaking for the Supreme Court, to approach such questions in the light of "that conservatism which is appropriate in the case of a waiver of sovereign immunity." United States v. Sherwood, 1941, 312 U.S. 584, 590, 61 S.Ct. 767, 771, 85 L.Ed. 1058. See also, Dalehite v. United States, 1953, 346 U.S. 15, 31, 73. S.Ct. 956, 97 L.Ed. 1427.

Closely guarding, rather than freely waiving, the sovereign immunity of the federal government, Congress in 1940 declared: "Notwithstanding any other provisions of law, except as provided in section 19 of the World War Veterans' Act, 1924, as amended, and in section 817 of the National Service Life Insurance Act of 1940, the decisions of the Administrator of Veterans' Affairs on any question of law or fact concerning

a claim for benefits or payments under this or any other Act administered by the Veterans' Administration shall be final and conclusive and no other official or any court of the United States shall have power or jurisdiction to review any such decisions." 38 U.S.C.A., Sec. 11a–2 (Enacted as an amendment to the World War Veterans' Act of 1924, 54 Stat. 1193, 1197).[1]

The precise question, whether the Veterans' Administration's action upon claims under the 1951 Servicemen's Indemnity Act may be re-examined judicially, has been considered in a number of the federal circuits. The First, Fifth, Sixth, and Eighth Circuits have ruled that the benefits of the 1951 Act (which contains no specific provision for review) are of a character different from those afforded by the 1924 or the 1940 Act. These cases have pointed out that the insurance provided by the earlier Acts resembles policies written by commercial insurers, involving payment of premiums and other features traditionally associated with such contractual obligations, while the 1951 Act merely affords a gratuitous indemnity to servicemen without such features. For this reason these Circuits concluded that the courts have not been granted jurisdiction to review administrative determinations of disputes arising under the 1951 Act. Cyrus v. United States, 1 Cir., 1955, 226 F.2d 416; Acker v. United States, 5 Cir., 1955, 226 F.2d 575, certiorari denied 350 U.S. 1008, 76 S.Ct. 654, 100 L.Ed. 870; United States v. Houston, 6 Cir., 1954, 216 F.2d 440; Turner v. United States, 8 Cir., 1956, 237 F.2d 700.

The Second Circuit has held to the contrary, taking the view that the omission from the Act of 1951 of a provision for judicial review is not significant of an intention to deny jurisdiction, but that "the Congress assumed that claims under the new statute were reviewable as contracts of insurance within 38 U.S.C., § 445 [the specific review pro-

vision of the 1924 and 1940 Acts]." Wilkinson v. United States, 2 Cir., 1957, 242 F.2d 735, 736, certiorari denied 355 U. S. 839, 78 S.Ct. 52, 2 L.Ed.2d 51. Judge (now Justice) Whittaker had held likewise, Miller v. United States, D.C.W.D. Mo.1954, 124 F.Supp. 203, although the Eighth Circuit failed to follow.

Thus it is seen that there is eminent authority for either view. The reasons pro and con have been amply discussed in the above cited cases, and nothing is to be gained by attempting their restatement, nor can we, by elaboration, add anything useful to the literature on the subject. Upon consideration of the decided cases, we are inclined to agree with the majority of the circuits, that jurisdiction in the courts is lacking in the absence of a clearer indication by Congress of its assent to such suits against the United States.

Accordingly, we hold that the action of the District Court in dismissing the complaint is correct, and must be

Affirmed.      •

---

4. After this suit was initiated, this statute was repealed (71 Stat. 169) and re-enacted (71 Stat. 92), effective January 1, 1958, as part of the Veterans' Benefits Act of 1957, 38 U.S.C.A. § 2211.