Helen BERGER, Frances Berger Worland, Vernon Berger, Eulalia Berger Harsch, Henry Berger, Gertrude Berger Lewis, Florence Berger Eddings and Charles Berger, Plaintiffs,

v.

UNITED STATES of America, Defendant.

United States District Court
S. D. New York.

Feb. 17, 1959.

Benjamin E. Kantrowitz, New York City, for plaintiffs.

Arthur H. Christy, U. S. Atty., for Southern Dist. of New York, New York City, for defendant, Marguerite R. De-Smet, Asst. U. S. Atty., New York City, of counsel.

DIMOCK, District Judge.

Defendant has moved to dismiss the complaint for lack of jurisdiction and, in the event of denial of that motion, for an order pursuant to Section 1292(b) of Title 28 U.S.Code, permitting an interlocutory appeal from the order deny-

ing the motion to dismiss. I have already announced my denial of the motion to dismiss and nothing remains to be done with it except the entry of an order. The motion for leave to prosecute an interlocutory appeal is thus before me.

Plaintiffs brought this action to contest a decision of the Board of Veterans Appeals, approving an earlier decision by the General Counsel of the Veterans Administration, that the proceeds of insurance on the life of a deceased serviceman, provided under the Servicemen's Indemnity Act of 1951, 65 Stat. 33, 38 U.S.C. § 851 et seq., were payable to his widow, one Mary Elizabeth Larson Berger. Plaintiffs assert that the proceeds should be payable to them, brothers and sisters of the decedent, because the decedent left no widow. They claim that there was an impediment to the marriage of the decedent and Mary Elizabeth Larson Berger and that the marriage was therefore invalid.

The motion to dismiss for lack of jurisdiction was denied on the authority of Wilkinson v. United States, 2 Cir., 242 F.2d 735, certiorari denied 355 U.S. 839, 78 S.Ct. 52, 2 L.Ed.2d 51, where the Court of Appeals, despite contrary decisions of the Courts of Appeals of three Circuits which were cited to it,[1] entertained a suit like the present.

I am asked, upon the present motion, to certify that my decision concerning jurisdiction "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). The issue of jurisdiction is indeed controlling in that, if the Second Circuit or the Supreme Court should reject the Wilkinson doctrine, this case

would be dismissed. Then such time as would have been devoted to trial would have needlessly prolonged the life of the lawsuit. There is thus ground for saying that an immediate appeal might materially advance the ultimate termination of the litigation. I do not believe, however, that I can say that there is substantial ground for difference of opinion on the question of law. It must be admitted that reasonable men can differ as to whether or not the Court of Appeals for the Second Circuit was right but, in spite of the phraseology of the statute, that is not the question. The question is whether defendant has a good enough chance of success so that its appeal ought to be given special treatment. That question I answer in the negative. Our Court of Appeals, when it decided in the Wilkinson case that the District Courts had jurisdiction in cases of this kind, cited and refused to follow the contrary decisions of three Circuits, in one of which, Acker v. United States, 5 Cir., 226 F.2d 575, the Supreme Court had already denied certiorari, 350 U.S. 1008, 76 S.Ct. 654, 100 L.Ed. 870. True, since the decision of our Court of Appeals in the Wilkinson case, two more Circuits have lined themselves against it[2] but if our Court of Appeals regarded its reasoning as so cogent as to require it to differ from three circuits it will not hesitate to differ from five. If defendant pins its hope on action by the Supreme Court rather than by the Court of Appeals it has no greater foundation. The Supreme Court, faced not only with a conflict among the Circuits but also with its own denial of certiorari in a case where the court below had denied jurisdiction,[3] denied certiorari in a case like this where the court below had taken jurisdiction. United States v. Wilkinson, 355 U.S. 839, 78 S.Ct. 52, 2 L.Ed.2d

1. Ford v. United States, 5 Cir., 230 F.2d 533; Acker v. United States, 5 Cir., 226 F.2d 575, certiorari denied 350 U.S. 1008, 76 S.Ct. 654, 100 L.Ed. 870; Cyrus v. United States, 1 Cir., 226 F.2d 416; United States v. Houston, 6 Cir., 216 F.2d 440.

2. Turner v. United States, 8 Cir., 237 F.2d 700; Hall v. United States, 4 Cir., 258 F.2d 61.

3. See Note 1.

 

51. I can see no such probability of success for defendant upon review of the instant decision as to justify expediting its appeal.

Moreover, in the legislative history of Section 1292(b), there is indication that it was intended for the "exceptional" case where "a decision of the appeal may avoid protracted and expensive litigation". Leg.Hist. of Public Law 85-919, 58 U.S. Code Congressional and Administrative News, p. 5259. The examples in the Senate Report accompanying the bill support this. It is there stated, "In a recent case a motion to dismiss for want of jurisdiction was filed in the district court early in the proceedings. The district court denied the motion and the matter then proceeded to trial. The disposition of that case took almost 8 months. Upon the final order the case was appealed and the court of appeals determined that the district court did not have jurisdiction and entered an order accordingly". Senate Report 2434, reprinted in 58 U.S.Code, supra, p. 5256.

Upon the present motion defendant asserts that the issues of fact involved herein are complicated and that the "record thus far amassed is voluminous". In support of this it is stated that "the issues involve the validity of Mary Elizabeth Larson Berger's marriage to the deceased serviceman, the effect of prior marriages and divorces, the question of whether or not a valid common law relationship was entered into, and the relevance of certain documents on which the handwriting is in dispute". Nevertheless the case does not seem exceptional.

The view that Section 1292(b) is to be used only in the protracted and expensive case has been taken by the Third Circuit in Milbert v. Bison Laboratories, 260 F.2d 431, and in this District in Bobolakis v. Compania Panamena Maritima San Gerassimo, S.A., D.C., 168 F. Supp. 236.

I rest my decision, however, on the fact that there is not enough likelihood of success upon the appeal to warrant the exercise of my discretion in expediting it.

The motion to dismiss the complaint is denied.

The request for certification pursuant to 28 U.S.C. 1292(b) is denied.

So ordered.