## BOWLING GREEN TRUST CO. v. UNITED STATES.

### No. 3.

District Court, W. D. Kentucky, at Bowling Green.

June 9, 1939.

Rodes & Willock, of Bowling Green, Ky., for plaintiff.

Eli H. Brown, III, U. S. Atty., of Louisville, Ky.

SWINFORD, Judge.

This case is before the Court on the plaintiff's motion to strike from the answer paragraph VI, which sets up as an absolute defense Act of Congress Public No. 262, 74th Congress, Section 3 (49 Stat. 609, Chap. 510, Par. 3), 38 U.S.C.A. § 454a, which so far as applicable provides: "Payments of benefits due or to become due shall not be assignable, and such payments made to, or on account of, a beneficiary under any of the laws relating to veterans shall be exempt from taxation, shall be exempt from the claims of creditors, and shall not be liable to attachment, levy, or seizure by or under any legal or equitable process whatever, either before or after receipt by the beneficiary. Such provisions shall not attach to claims of the United States arising under such laws nor shall the exemption herein contained as to taxation extend to any property purchased in part or wholly out of such payments."

Section 454, in so far as applicable, provides: "The compensation, insurance, and maintenance and support allowance payable under Parts II, III, and IV, respectively, shall not be assignable; shall not be subject to the claims of creditors of any person to whom an award is made under Parts II, III, or IV; and shall be

exempt from all taxation. Such compensation, insurance, and maintenance and support allowance shall be subject to any claims which the United States may have, under Parts II, III, IV, and V, against the person on whose account the compensation, insurance, or maintenance and support allowance is payable."

The claim which the plaintiff seeks to recover arose in the following way: Emmett E. Lamar, unmarried, was a soldier in the United States Army. In 1918 he died in service, the holder of a $10,000 war risk insurance policy. The named beneficiary, his mother, received the payments due under the terms of the policy until her death in 1920. Upon the death of the mother there survived Lamar, as his only heirs at law, the following persons: Eddie Lamar, Claude Wand and Arthur Wand all half brothers, Novella Lamar, a half sister, and Jessie Lee and Dennis Lee, the children and sole heirs at law of a half sister, Annie Wand Lee, deceased. It will thus be seen that the remaining proceeds of the war risk policy of insurance should have been divided and payments made in five equal parts.

Through error the children of Annie Wand Lee were overlooked and the payments made by the Veterans' Administration to the half brothers and half sister, a one fourth each.

No administrator was appointed for the estate of Emmett E. Lamar, the deceased soldier, until the plaintiff qualified in July of 1934. After negotiations the Veterans' Administration, desiring to pay the balance of the insurance in a lump sum, ascertained this balance to be $2,552, which it sent to the plaintiff after deducting the sum of $571.48, the amount which it had erroneously paid to the four heirs as set out above, and which rightfully should have been paid to Jessie Lee and Dennis Lee.

The defendant admits that the amount was erroneously paid, but by reason of the provisions of the statute the account, which would be the amount due the decedent or his estate, is chargeable with claims which the United States may have against it.

It can be seen, however, from the wording of the Act itself, that the charge is allowed against the insurance itself and does not admit of exception. So long as the United States has the fund in its hands it can charge it with the claims. No other reasonable construction could be put upon the wording of this statute. Counsel for the plaintiff cites no authority holding to the contrary.

The United States can be sued only by its consent and when giving that consent can prescribe the terms. United States v. Lee, 106 U.S. 196, 1 S.Ct. 240, 27 L.Ed. 171; Bryson v. Hines, 4 Cir., 268 F. 290, 11 A.L.R. 1438; Lynch v. United States, 292 U.S. 571, 54 S.Ct. 840, 78 L.Ed. 1434. It cannot be held accountable for the errors of its agents, and although frequently working a hardship in individual cases, the wisdom of the rule is evident. Wilber National Bank, etc. v. United States, 294 U.S. 120, 55 S.Ct. 362, 79 L.Ed. 798.

This same statute has been construed and applied by the Circuit Court of Appeals for the Sixth Circuit. United States v. Mroch, 88 F.2d 888. It is true that in that case the fund went to the same party acting in a dual capacity. I am unable to see how that would distinguish that case from the one at bar. The principle is exactly the same. It must continually be borne in mind that individuals, as such, either personally or in a fiduciary capacity, are not the things to which the statute refers. It is the fund in question. The amount of the insurance. It is this fund for which the government gave the parties a right to proceed against it. It gave this right to sue with the proviso that the fund should be burdened with any claim the United States had against it. The United States had the claim of $571.48 which was due it because of a mistake of its officer or agent, and the amount was rightfully deducted.

The motion to strike is therefore overruled. Orders in conformity herewith should be prepared and submitted.