844

## DI SILVESTRO v. UNITED STATES VETERANS ADMINISTRATION.
### Civ. No. 9457.

United States District Court
E. D. New York.
Jan. 20, 1949.

Joseph W. Di Silvestro, pro se.

J. Vincent Keogh, U. S. Atty., of Brooklyn, N. Y. (Philip J. Jones and Nathan Borock, Asst. U. S. Attys., both of Brooklyn, N. Y., and Eugene T. Maher, Atty. Dept. of Justice, of New York City, of counsel), for the United States.

GALSTON, District Judge.

The plaintiff in his complaint alleges that he is an honorably discharged veteran of World War II; that he was appointed a civil service employee by the Veterans Administration, "as a War Service Indefinite", to service in the Veterans Administration as an adjudicator; that he served in that capacity from March 10, 1945 until July 31, 1947; that "as a result of a reduction in force program" his services at that time were terminated.

The complaint also alleges that during the period of his employment the defendant declined to hold the plaintiff as a service-connected disabled veteran of any degree of disability; but that following his removal from the service, the Rating Board of the defendant, on February 20, 1948 held the plaintiff to have a service-connected disability of ten per cent., retroactive to October 10, 1946.

Thereupon the plaintiff requested the defendant to reinstate him to his former position, which request was denied. He seeks now to have this court direct the defendant to reinstate him to his former position, and to order the defendant to reimburse him with back pay for the period of his separation to the date of reinstatement, and prays that defendant "credit plaintiff with respect to salary, comprising of seniority within grade advancement and promotion, sick and annual leave, and retention in Group A-1, Veterans' Preference, from the date of separation to the date of reinstatement".

The plaintiff now by motion seeks a summary judgment; and the defendant, after filing an amended answer, likewise moves for a summary judgment dismissing the complaint.

The essential facts are not in dispute. It appears that as a war service appointee the plaintiff, on March 10, 1945, was appointed an adjudicator with a status of Grade P-2. On March 4, 1946 he received a promotion which carried him to Grade P-3. In the position as adjudicator he served up to July 31, 1947, when as a result of a curtailment in appropriations it was necessary for the Veterans Administration to effect a reduction in force in the summer of 1947. Thereupon the plaintiff was notified, on July 1, 1947, that his services would be terminated on July 31, 1947. Prior to the termination of his service, the plaintiff being a War Service Indefinite appointee,

was classified in category B-1, for the purpose of retention in the event of a reduction in force. His grade at that time was P-3. From the affidavit of Joseph Klegman, the personnel officer of the Veterans Administration Regional Office, Brooklyn, it appears that the defendant had in its employ a total of fifty-four adjudicators in Grade P-3, from among whom defendant was obliged to discharge ten to effect the reduction program. As personnel officer charged with the duty of supervising the reduction, it was his duty to determine which of those were entitled to retention. The retention register revealed that of the fifty-four employees, thirty were in Group A-1, eight in Group A-2, and sixteen in Group B-1. The ten employees who were to be discharged, therefore, had to be released from this last-named group. Klegman accordingly compared the plaintiff's retention points with those of all the others in Group B-1 who were likewise veterans with War Service Indefinite appointment, and found that plaintiff's position was next to the bottom of that group. Therefore, plaintiff was one of the ten employees whose services had to be terminated.

To determine the merits of the controversy it is necessary to revert to Executive Orders promulgated during the war. Executive Order February 16, 1942, No. 9063, 7 Fed.Reg. 1075, 3 C.F.R.Cum.Supp. 1091, authorizes the Civil Service Commission to prescribe regulations governing the status of all personnel in executive departments and agencies for the duration of the war emergency. The Civil Service Commission thereafter issued its war service regulations, 7 Fed.Reg. 7723, 5 C.F.R.Cum.Supp., Secs. 18.1 et seq., pp. 1459 et seq., effective March 16, 1942. These regulations were in effect at the time plaintiff was appointed an adjudicator. The Commission, in the foregoing regulations, Sec. 18.5 (b), (5 C.F.R. Cum.Supp. 1463) provided that employees appointed thereunder did not thereby acquire a classified, i.e. competitive civil service status. Moreover such appointments would be effective only for the duration of the war and six months thereafter unless otherwise specifically limited.

The next Executive Order of importance was that of February 4, 1946, No. 9691 (11 Fed.Reg. 1381) providing for the termination of War Service Regulations and authorizing the Civil Service Commission to issue temporary regulations to cover the period between the expiration of War Service Regulations and the issuance of revised civil service regulations. Such temporary civil service regulations were issued by the Commission pursuant to that Executive Order and became effective March 7, 1946. They did not change the nature or tenure of plaintiff's appointment.

Executive Order February 24, 1947, No. 9830 (12 Fed.Reg. 1259, 3 C.F.R.1947, Supp. 108) promulgated revised Civil Service Rules, among other matters for the conversion, subject to regulations of the Commission, of war service appointments to appointments with classified (competitive) status (Rule 3, Sec. 3.1 (b) (2), 3 C.F.R.1947, Supp. 111). Pursuant thereto the Civil Service Commission adopted regulations (12 Fed.Reg. 2835, 5 C.F.R.1947 Supp., Sec. 3.102, p. 241) defining the requirements for such conversion of the employee entitled to veterans' preference, serving under a war appointment, and who suffered a service-connected disability of not less than ten per cent. It is apparently because of that order or rule of the Commission that the plaintiff has instituted this action. Nevertheless, he but too patently ignores the requirements set up by the Commission for such conversion. They were:

(a) Recommendation for conversion by employer;

(b) Completion of a probationary period;

(c) Passing of a Civil Service Commission examination.

Nor does Sec. 12 of the Veterans Preference Act, 1944, 5 U.S.C.A. § 861, aid the plaintiff. That section reads: "In any reduction in personnel in any civilian service of any Federal agency, competing employees shall be released in accordance with Civil Service Commission regulations which shall give due effect to tenure of employment, military preference, length of service, and efficiency ratings: * * * Provided further, That preference employees whose efficiency ratings are 'good' or better shall be retained in preference to all other competing employees and that preference em-

ployees whose efficiency ratings are below 'good' shall be retained in preference to competing nonpreference employees who have equal or lower efficiency ratings: * * *."

· Thus the Civil Service Commission was authorized to adopt regulations to give effect to tenure of employment, military preference, length of service and efficiency ratings. Those whose efficiency ratings are "good" are to be preferred to competing non-preference employees who have equal or lower efficiency ratings.

Pursuant to this statute and the Executive Order 9830, referred to above, the Commission issued regulations for reduction in force effective May 1, 1947. The classification embraced three groups: Group A, comprising permanent employees with classified status, and employees without status serving under appointments without time limitations; Group B, those who served under appointments limited to the duration of the war, and not exceeding six months thereafter, or otherwise limited in time to an appointment in excess of one year, excepting those in Groups A and C; and Group C, made up of those serving under appointment with a time limitation of one year or less (5 C.F.R.Supp.1947, Sec. 20.3, pp. 277-278).

Reduction in force was to be made in any competitive level by starting in the lowest sub-group, and competitive level is defined as "all positions in the same grade of the same service * * *". It thus becomes clear that the plaintiff's position as a P-3 adjudicator was competitive with only those in the same group.

During the term of the plaintiff's service he was, of course, unable, as has been indicated, to establish a service-connected disability, but his contention is that the decision of the defendant on February 20, 1948, by which he was adjudged ten per cent. disabled, entitling him to disability compensation from October 10, 1946, required a conversion of his war service appointment to a competitive status appointment. If that were so he would then have qualified for classification in Group A under the retention preference regulations and so would not have been separated on July 31, 1947.

Though it is a matter of no consequence so far as the disposition of these motions is concerned, perhaps it should be noted that the decision of the defendant of February 20, 1948, granting the plaintiff ten per cent. disability retroactive from October 10, 1946, was based on new evidence furnished by the plaintiff to the Rating Board, and provided for the payment of the compensation to which the plaintiff was entitled by virtue of such disability.

But the foregoing recital of Executive Orders and Civil Service Commission's regulations, presents an insuperable bar to this action. During the period of his service the plaintiff did not acquire a classified, i.e. competitive, rating. On July 31, 1947, he was amenable to severance from the service pursuant to regulations for a reduction in force.

The fallacy of the plaintiff's contention is found in his belief that a disability of ten per cent. or greater is of itself sufficient to qualify an employee, entitled to veterans' preference and serving under a non-competitive war service appointment, for conversion to competitive status. For as has been indicated, in addition the employee must show a recommendation for conversion by his employer, the completion of a probationary period and the passing of a Civil Service Commission examination. There is no such showing in the record before me.

At no time was the plaintiff entitled to competitive status. Moreover the same result would be reached even if the retroactive determination of disability were given effect with reference to his employment. Thus the plaintiff's case falls.

In this view of the case it is not necessary to dispose of other grounds urged by the defendant in its motion to dismiss the complaint. Among those grounds are the contention that the action is really against the United States to which it has not consented, and that the court is without jurisdiction, and that the action does not fall within the exception of suits for an injunction or mandamus to compel the performance of a purely ministerial act, Miguel v. McCarl, 291 U.S. 442, 54 S.Ct. 465, 78. L.Ed. 901. A judgment for the plaintiff

here would require official action to reinstate him on the federal payroll. Defendant also urges that this action must fail because it is in the nature of an action for a writ of mandamus, over which this court does not have jurisdiction. However, it is not necessary to pass on those defenses.

The motion of the plaintiff for summary judgment is denied. The motion of the defendant for summary judgment is granted. Settle orders on notice.

Findings of fact and conclusions of law in conformity with the foregoing opinion will be filed herewith.