The order of the District Court will be affirmed.

DI SILVESTRO v. UNITED STATES VETERANS ADMINISTRATION.

No. 204, Docket 21263.

United States Court of Appeals Second Circuit.

April 5, 1949.

---

Joseph W. Di Silvestro, of Ozone Park, N. Y., pro se.

Eugene T. Maher, Atty., Dept. of Justice, of New York City (J. Vincent Keogh, U. S. Atty., and Nathan Borock, Asst. U. S. Atty., both of Brooklyn, N. Y., on the brief), for defendant-appellee.

Before AUGUSTUS N. HAND, CHASE, and CLARK, Circuit Judges.

CLARK, Circuit Judge.

This is an appeal by a veteran of World War II from a district court order denying his motion for summary judgment and granting a like motion for the defense in his action seeking reinstatement, together with back pay, to the position of "P-3" adjudicator he had held with the United States Veterans Administration. He had served in this capacity on a "War Service Indefinite" appointment, first with the grade of P-2 and later with promotion to grade P-3, from March 10, 1945, until July 31, 1947, when his services were terminated as a part of a program of reduction of force made necessary by a cut in Congressional appropriations. Such termination was not only proper, but indeed necessary, as against other veterans of higher rating under the provisions of the Veterans' Preference Act of 1944, § 12, 5 U.S.C.A. § 861, and the reduction in force regulations, 5 CFR, 1947 Supp., § 20.3, pp. 277, 278, provided that he was properly classified in Group B, which included employees serving under appointments limited to the duration of the war, plus six months, rather than in Group A, which comprised permanent employees with classified status. Plaintiff as a veteran without war-connected disability had been appointed under the War Service Regulations of the Civil Service Commission, which provided, in 5 CFR, Cum.Supp., § 18.5(b), p. 1463, that employees appointed thereunder did not thereby acquire classified status, but that their appointments were limited to the duration of the war, plus six months.

During the period of his employment, plaintiff had prosecuted a claim before the appropriate departments of the Administration for an adjudication that he had a service-connected disability. On June 10, 1947, after successive denials of this claim by subordinate authority, the Administration's Central Disability Board sustained the determination that he did not have such a disability. Later, on February 20, 1948, after a further hearing the Administration did decide that he had a 10 per cent disability and awarded him compensation in the amount of $13.80 per month "from October 10, 1946." This retroactive feature of the compensation award forms the basis of plaintiff's claim for reinstatement; in effect he asks that he be given the status of a service-connected disabled veteran from October 10, 1946, on, for employment purposes also, of course to the displacement of a veteran who had previously been retained in his stead. This claim has been rejected by the court below in a reasoned opinion reported in 81 F. Supp. 844.

Section 1 of Executive Order 9644, 10 Fed.Reg. 13095, 3 CFR, 1945 Supp., p. 130, issued October 19, 1945, and in effect on October 10, 1946, provided:

"The Civil Service Commission is authorized to confer a competitive classified civil-service status or a probational status upon any veteran serving under a war-service indefinite appointment who establishes the present existence of a service-connected disability of not less than ten per cent, subject to the following conditions:

"(a) If such veteran has completed a trial period of one year he may be given a competitive classified civil-service status upon certification to the Civil Service Commission by the head of the agency concerned that the veteran has completed a trial period of one year and that his services have been satisfactory."

Plaintiff appears to claim in the alternative either that he was unable to establish his disability claim because of the negligence of the Veterans Administration in delaying a determination, or that the mere establishment of his disability, retroactive to 1946, entitles him to competitive civil service status retroactively, so that his separation was improper. So far as his first contention is concerned, it is difficult to discover any ground of negligence from the mere assertion—and there is nothing more—that the process of hearings and appeals in due course did not result in an earlier decision in his favor. The district court concluded, 81 F.Supp. at page 846, that the later decision was on the basis of new evidence furnished by him, and this seems a reasonable conclusion and indeed is not directly challenged by him. But in any event there is no real suggestion of any irregularity in the proceedings.

Plaintiff's second contention is answered by the language of Executive Order 9644, requiring the veteran to establish the present existence of his disability, and of Department Circular No. 546, issued by the United States Civil Service Commission, detailing procedure under the Order, and requiring that the veteran furnish "one of the following types of evidence" of his disability:

"A. Veterans Administration certifications.

"1. An official statement from the Veterans Administration, dated within 6 months, showing that the ex-serviceman or woman has a presently existing service-connected disability of not less than ten per cent, or is receiving compensation or pension for disability of service origin.

"2. An official statement showing that the ex-serviceman or woman is receiving disability retirement benefits."

Plaintiff was unable to furnish the necessary evidence at the time required, and his inability cannot be attributed to the Veterans Administration.

The Veterans Administration has pointed out its readiness to give consideration to an application by plaintiff for reinstatement on the basis of the disability status he has now acquired. Due to a change in the regulations effective May 1, 1947, this would mean, however, that he would now be required, among other things, to pass a civil service examination. 5 CFR, 1947 Supp., §§ 3.101 et seq. But until he fulfills these requirements we do not see how he is entitled to his position.

In view of our conclusions on the central issue, we find it unnecessary to pass upon the various jurisdictional questions raised by the defense as to the power of the court over a department of the government, not created as a suable entity, or over the United States, absent its consent to sue, or in general to order reinstatement by remedy in the nature of mandamus.

Affirmed.