## DI SILVESTRO v. UNITED STATES VETERANS' ADMINISTRATION.

### Civ. No. 9457.

United States District Court
E. D. New York.
Sept. 12, 1949.

Joseph W. Di Silvestro, pro per.

J. Vincent Keogh, United States Attorney, Brooklyn, N. Y., (Nathan Borock, Assistant United States Attorney, Brooklyn, N. Y., Eugene T. Maher, Attorney, Department of Justice, Washington, D. C., of counsel), for defendant.

GALSTON, District Judge.

The plaintiff seeks by this motion to vacate an order which was entered January 25, 1949, dismissing his complaint. That order had been affirmed by the United States Court of Appeals on April 5, 1949. The facts and law are set forth in 81 F. Supp. 844, and 2 Cir., 173 F.2d 933.

The ground of this motion is that the petitioner, since the disposition of the order sought to be vacated, has discovered new evidence which he claims establishes that during his employment with the defendant on October 10, 1946, the defendant knew that he had a service-connected disability of not less than ten per cent. The specific evidence is the alleged statement of Dr. Golan, his physician, which he claims was received by the Veterans' Administration not after the plaintiff's discharge on July 3, 1947, but on October 10, 1946. He contends that the time taken to determine his claim for disability compensation, from October 10, 1946 to February 20, 1948, was an unreasonable delay, and was caused by the negligent, arbitrary and wilfull failure of the defendant. He alleges that a determination of his claim while in the service would have prevented his discharge.

Whether there was as a matter of fact or law any negligence on the part of the defendant cannot be resolved on the basis of affidavits. The defendant contends that the allowance of ten per cent. disability in 1948 was based in part on a physical examination of the plaintiff in 1948; so the issue of negligence and its general bearing on the question of whether if it existed it affected the plaintiff's claim for permanent retention in the service would have to await trial of the action, if the plaintiff were now permitted to file an amended complaint.

However, it must be observed that the plaintiff knew as early as June 17, 1948 that the Golan statement had been received by the Veterans' Administration on October 10, 1946 (see Exhibit B attached to plaintiff's affidavit of May 20, 1949). That was several months before the complaint was filed on November 1, 1948. Nevertheless in the complaint no allegation was made by the plaintiff concerning the alleged negligence of the respondent in acting on the plaintiff's petition which it had in its possession on October 10, 1946.

We must seek, therefore, to determine whether in the light of those circumstances he is entitled to relief under Rule 60, Relief from Judgment or Order, subdivision (b), 28 U.S.C.A., which section in part reads as follows: "Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc. On motion

\* \* \* the court may relieve a party \* \* \* from a final judgment, order \* \* \* for \* \* \* (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence \* \* \*. The motion shall be made within a reasonable time, and for reasons (1), (2) \* \* \* not more than one year after the judgment, order \* \* \* was entered or taken."

The present motion is timely, since it was taken within the one year period referred to. However, unfortunately for the plaintiff's present position, it appears from Exhibit B, attached to his own affidavit forming part of the present application, that on June 17, 1948 there was addressed to him a communication from the Veterans' Administration bearing the comment: "It has been held, on all the facts of your case, that a compensable evaluation for your nervous condition was properly payable only from October 10, 1946, the date of receipt of the statement of Dr. Golan establishing such evaluation."

The moving papers fail, therefore, to show why the plaintiff did not in his complaint allege negligence following the receipt of Dr. Golan's statement on October 10, 1946.

In consequence this motion must be denied, without prejudice to the making of any further motion to present adequate explanation of a mistake, inadvertence, surprise or excusable neglect, as demanded by Rule 60, subdivision (b). Certainly there is no showing of newly discovered evidence in these motion papers.