## DI SILVESTRO v. UNITED STATES VETERANS ADMINISTRATION.

### Civ. A. No. 9457.

United States District Court
E. D. New York.

Feb. 24, 1950.

See also 9 F.R.D. 435.

Joseph W. Di Silvestro, plaintiff and attorney pro se.

J. Vincent Keogh, United States Attorney, Brooklyn, N. Y., attorney for defendant (Nathan Borock, Asst. U. S. Attorney, Brooklyn, N. Y., of counsel).

BYERS, District Judge.

There are two motions now pending in this case which has been the subject of careful and detailed exposition by Judge Galston in D.C., 81 F.Supp. 844. His decision was unanimously affirmed in 2 Cir., 173 F.2d 933, the opinion being by Judge Clark.

The first motion is to dismiss the amended complaint filed November 4, 1949, pursuant to order dated October 13, 1949, which seems to have been granted in response to the plaintiff's assertion that he had failed to include allegations essential to his case, because of the limitations attaching to one who acts as his own attorney. It is difficult to believe that the matters set forth in the amended pleading and

the supporting memoranda were not prepared in a law office.

The allegations, which in form are new, will be found to specify the negligence which the plaintiff imputes to the Veterans Administration in its original failure to recognize the service connected disability which is deemed to have been established by its decision of February 20, 1948.

For the purposes of this motion, these allegations must be taken as true. They still fall short of the requisite showing stated in the opinion of Judge Galston in the third and fourth paragraphs in the right hand column on page 846 of 81 F. Supp., namely, the plaintiff does not allege that he became entitled to the competitive status by virtue of showing of a service connected disability; nor could he do so truly in light of the facts attending his connection with the office of the Veterans Administration, as related in the said opinion. In other words, the amended complaint merely particularizes that which the Court of Appeals construed to be present; see its opinion, page 935 of 173 F.2d, left hand column, second paragraph.

It results that the amended complaint fails to state a claim upon which relief can be granted, and the motion to dismiss must prevail.

The second motion is to add as parties defendant "United States of America" and "Carl Gray, Jr., as Administrator of Veterans Affairs".

Federal Rule 21, 28 U.S.C.A., is relied upon but is unavailing because: As to the United States, it has not consented to be sued in this kind of a cause (which is neither under the Tucker Act, 28 U.S. C. § 1402 et seq., nor under an insurance contract, 38 U.S.C. § 445; Id., § 817); it cannot be joined as a party, either alone or as a co-defendant (United States v. Sherwood, 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed. 1058).

As to Carl Gray, Jr., the only venue applicable to him is the District of Columbia, and it would be an idle thing to grant the motion to add him as a party defendant.

This motion must also be denied.

Settle separate orders on notice.