Joseph W. DI SILVESTRO, (veteran),
Plaintiff,

v.

UNITED STATES VETERANS' ADMIN-
ISTRATION et al., Defendants.

Civ. No. 15366.

United States District Court
E. D. New York.

June 24, 1955.

Joseph W. Di Silvestro, Long Island City, pro se.

Leonard P. Moore, U. S. Atty., Brooklyn, N. Y., Elliot Kahaner, Asst. U. S. Atty., Brooklyn, N. Y., for defendants.

GALSTON, District Judge.

These are cross-motions which will be disposed of in this opinion.

Defendants move for a dismissal of the complaint on the grounds that the court lacks jurisdiction over the subject-matter; that the complaint fails to state a claim upon which relief can be granted, and that the plaintiff failed to join an indispensable party. The plaintiff's cross-motion in effect seeks to dismiss defendant's motion, and a declaratory judgment adjudging his rights, and miscellaneous relief.

The subject-matter of this litigation has been before the courts on several occasions. See Di Silvestro v. Gray, 90 U.S.App.D.C. 184, 194 F.2d 355; certiorari denied 343 U.S. 930, 72 S.Ct. 765, 96 L.Ed. 1340; Di Silvestro v. United States Veterans' Administration, D.C. E.D.N.Y., 81 F.Supp. 844, affirmed, 2 Cir., 173 F.2d 933, amended complaint dismissed, D.C.E.D.N.Y., 10 F.R.D. 20, affirmed, 2 Cir., 181 F.2d 502, certiorari denied 339 U.S. 989, 70 S.Ct. 1014, 94 L.Ed. 1390. The plaintiff's complaint in substance seeks to have certain alleged rights restored in connection with his pension and compensation benefits. The allegations are not too clear, but he alleges that a decision of the Administrator of Veterans' Affairs, declaring a forfeiture of compensation and pension, was without authority.

The plaintiff, in his prayer for relief in his amended complaint, "demands" that the defendants be ordered to revoke their forfeiture penalty in the decision of March 11, 1955, and that they be ordered specifically to release all monetary compensation and subsistence allowances owing to the plaintiff, and that they be ordered to reinstate and restore "retroactively from October 10, 1946 all rights and claims of and belonging to the disabled plaintiff for his faithful and honorable service rendered to his country in time of war."

This court is unable to grant any of the relief sought. Title 38 U.S.C.A. § 705, reads as follows:

"All decisions rendered by the Administrator of Veterans' Affairs under the provisions of sections 701,

702, 703, 704, 705, 706, 707–710, 712–715, 717, 718, 720, and 721 of this title or the regulations issued pursuant thereto, shall be final and conclusive on all questions of law and fact, and no other official or court of the United States shall have jurisdiction to review by mandamus or otherwise any such decision. Mar. 20, 1933, c. 3, Title I, § 5, 48 Stat. 9."

Accordingly, since this is an action relating to the affairs of a veteran within the provisions of the foregoing section of Chapter 12, Title 38 U.S.C.A., relating to compensation, pension and veterans' relief, the defendant's motion to dismiss the complaint must be granted, without prejudice to any administrative rights, if any, that the plaintiff may have. It follows that plaintiff's motion to dismiss, and for a declaratory judgment and for a jury trial, must be denied.

Settle order.