Joseph W. DI SILVESTRO (war veteran), Plaintiff,

v.

UNITED STATES VETERANS ADMINISTRATION, Defendant.

Civ. A. No. 17322.

United States District Court
E. D. New York.

May 27, 1957.

Joseph W. Di Silvestro, pro se.

Leonard P. Moore, U. S. Atty., for Eastern District of New York, by Robert A. Morse, Asst. U. S. Atty., Brooklyn, N. Y., for defendant.

BYERS, District Judge.

These are cross motions for summary judgment by plaintiff, and for dismissal by defendant.

This case is the most recent aspect of a litigation which has been presented to this court in various guises for many years.

The decision appearing in D.C., 132 F.Supp. 692, affirmed in 2 Cir., 228 F.2d 516, certiorari denied 350 U.S. 1009, 76 S.Ct. 654, 100 L.Ed. 870, may be consulted for an explanation of the plaintiff's essential claim for relief.

In that decision which was adverse to him, there was reserved to plaintiff the right to pursue any administrative rights which might have then (June, 1955) pertained to him. In the exercise of that reservation, he sought relief from the Board of Veteran's Appeal, namely, a reconsideration and reversal of the adverse decision of that body, rendered March 7, 1955. Such decision was that the claimant had forfeited his rights, claims and benefits to disability payments as a World War II veteran, pursuant to the provisions of the applicable statute found in Title 38 U.S.C.A. § 715.

The reconsideration (which was by a board completely different in personnel from the earlier one) resulted in a holding adverse to the plaintiff, the final paragraph of which reads:

"It is the decision of the Board that the entire evidentiary showing establishes beyond a reasonable doubt that prior to October 13, 1947, the veteran knowingly made a false writing concerning his claim with the intent of having it inserted in his claims folder for presentation in connection therewith. Hence, no change is warranted in the previous decision of the Board that by reason of the veteran's fraudulent act he has forfeited, as provided in Section 15, Public No. 2, 73d Congress, all rights, claims and benefits to which he might otherwise be entitled under Title I of that law.

"The appeal is denied."

Thus the earlier decision was adhered to.

In his present complaint, filed February 19, 1957, the plaintiff seeks a declaratory judgment that the said admin-

istrative determination be set aside as being in violation of his constitutional rights under the Fifth and Sixth Amendments; and that full faith and credit be given to plaintiff's "Official U. S. Army records in its entirety" namely, "all rights and entitlements that flow from plaintiff's honorable discharge dated November 17, 1944, nunc pro tunc."

By amendment of February 20, 1957 the complaint now avers that jurisdiction in the cause rests upon Title 5 U.S.C.A. § 1009, of the Administrative Procedure Act.

This is the basis of the plaintiff's argument, and presents the only point that bears discussion.

The plaintiff's reliance upon the cited section defeats itself: Subd. (c) opens with these words: "Every agency action made reviewable by statute * * shall be subject to judicial review." Turning to the Act under which plaintiff asserts his claim (Title 38 U.S.C.A. § 705), the language is:

"All decisions rendered by the Administrator of Veterans' Affairs under the provisions of sections * * 712-715, * * * of this title or the regulations issued pursuant thereto, shall be final and conclusive on all questions of law and fact, and no other official or court of the United States shall have jurisdiction to review by mandamus or otherwise any such decision."

See also, 38 U.S.C.A. § 11a-2. The constitutionality of the foregoing seems to have been assumed in Lynch v. United States, 292 U.S. 571, at page 587, 54 S.Ct. 840, 78 L.Ed. 1434.

Thus the plaintiff has unsuccessfully sought to invoke a jurisdiction which Congress has expressly withheld from the court. See Ford v. United States, 5 Cir., 230 F.2d 533.

Among the cases which have held that the gratuity payments to veterans are subject to the control of Congress, concerning the finality of administrative determination, see: Van Horne v. Hines, 74 App.D.C. 214, 122 F.2d 207; Longer-necker v. Higley, 97 U.S.App.D.C. 144, 229 F.2d 27; Magnus v. United States, 7 Cir., 234 F.2d 673. The Van Horne case is of peculiar significance. The statutory distinction between gratuity and insurance policy cases is recognized in Wilkinson v. United States, 2 Cir., 242 F.2d 735, at page 736.

It should be further noted that the plaintiff's argument, if understood, is that the Appeals Board had no right to require of him that he submit one or more specimens of his handwriting, in order to establish the misconduct attributed to him; and that thus his Fifth Amendment rights were infringed.

The decision sought to be reviewed was not based upon the claimant's failure to comply with such request, but because of the affirmative showing with respect to the points in common between departmental records in his known writing, and the records under examination, touching the matters comprehended in § 715 of the Act. Thus there is no constitutional question actually involved.

It results that the plaintiff's motion is denied, and the defendant's motion to dismiss is granted.

Settle order.