**Joseph W. DI SILVESTRO, Plaintiff**

v.

**UNITED STATES of America, Defendant.**

**Civ. No. 20188.**

United States District Court
E. D. New York.
March 21, 1960.

Cornelius W. Wickersham, Jr., U. S. Atty., Brooklyn, N. Y., by Malvern Hill, Jr., Asst. U. S. Attorney, New York City, of counsel, for the motion.

Joseph W. Di Silvestro, pro se, in opposition.

RAYFIEL, District Judge.

These are cross-motions. The defendant moves for summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A., and the plaintiff cross-moves for judgment on the pleadings pursuant to Rule 12.

The complaint herein is entitled "Complaint For Negligence Under The Federal Tort Claims Act" and contains five causes of action. Each cause of action is based

on Section 1346(b) of Title 28, United States Code, and the complaint demands damages in the aggregate sum of $2,000,-000.

This is the latest in a series of actions commenced by this plaintiff over the past several years in which he has sought to have certain rights to pension and disability benefits restored to him after they had been forfeited by the Veterans' Administration. These actions were: Di Silvestro v. United States Veterans' Administration, D.C., 132 F.Supp. 692, affirmed 2 Cir., 228 F.2d 516; certiorari denied 350 U.S. 1009, 76 S.Ct. 654, 100 L.Ed. 870; rehearing denied 351 U.S. 928, 76 S.Ct. 784, 100 L.Ed. 1458, and Di Silvestro v. United States Veterans' Administration, D.C., 151 F.Supp. 337; application to appeal in forma pauperis denied November 7, 1958; certiorari denied 355 U.S. 935, 78 S.Ct. 416, 2 L.Ed.2d 416; rehearing denied 355 U.S. 968, 78 S.Ct. 550, 2 L.Ed.2d 544. In these cases my colleagues, Judge Galston and Judge Byers, held that this Court had no jurisdiction to review the action of the Veterans' Administration since Section 705 of Title 38, United States Code, provided that "All decisions rendered by the Administrator of Veterans' Affairs under the provisions of Sections 701, 702, 703, 704, 705, 706, 707–710, 712–715, 717, 718, 720, and 721 of this title or the regulations issued pursuant thereto, shall be final and conclusive on all questions of law and fact, and no other official or court of the United States shall have jurisdiction to review by mandamus or otherwise any such decision." This Section has been replaced by Section 211 of Title 38 which provides as follows: "(a) Except as provided in Sections 784, 1661, 1761, and as to matters arising under Chapter 37 of this title, the decisions of the Administrator on any question of law or fact concerning a claim for benefits or payments under any law administered by the Veterans' Administration shall be final and conclusive and no other official or any court of the United States shall have power or jurisdiction to review any such decision."

In the instant case the plaintiff's first and fifth causes of action seek damages for the alleged wrongful deprivation of his pension and disability rights by employees of the Veterans' Administration. The second cause of action seeks damages for the alleged wrongful disclosure by employees of the Veterans' Administration of confidential and privileged documents and papers which were in the plaintiff's file in the Veterans' Administration to certain unauthorized persons, from whom the employees then obtained statements and affidavits on which it based its forfeiture of the benefits to which the plaintiff claims he was entitled.

Although the plaintiff asserts that those claims are based on the Federal Tort Claims Act, and are ostensibly for damages, this is, in reality, another attempt to obtain a review of the decision of the Veterans' Administration which forfeited his pension and disability benefits. Both Judge Galston and Judge Byers have held, and their decisions have been affirmed, that this court has no jurisdiction to grant the plaintiff such a review. It cannot now be granted in the guise of an action brought under the Federal Tort Claims Act. The defendant's motion for summary judgment is granted as to the first, second and fifth causes of action.

The third and fourth causes of action are for damages for the alleged wrongful disclosure by employees of the Veterans' Administration to United States Senators Jacob K. Javits and Kenneth B. Keating of certain confidential and privileged information. The correspondence attached to the moving papers reveals that the *plaintiff* requested the Senators to intercede in his behalf. In accordance with *his* request they each wrote to the Veterans' Administration which replied to them. It informed them of the proceedings which had taken place and the actions which had been brought by the plaintiff. There was nothing in the Administration's replies which was either privileged or confidential. All of the matters referred to therein had been

litigated by the plaintiff, and had been adverted to in the decisions rendered in the aforementioned court proceedings.

In addition, there is an allegation in the fourth cause of action to the effect that the information given the Senators by the Veterans' Administration was false, and was known to be false. It appears then, that the plaintiff is charging the Administration with libel. This he may not do since Section 2680(h) of Title 28, U.S.Code, specifically excepts a claim arising out of libel from the provisions of Section 1346(b) of said Title 28. In my opinion there is no genuine issue as to any material fact herein. Accordingly, the defendant's motion for summary judgment is granted and the plaintiff's motion is denied.

Settle order on notice.