Joseph W. DI SILVESTRO, Plaintiff,

v.

UNITED STATES of America, Defendant.

Civ. A. No. 62–C–713.

United States District Court
E. D. New York.

Nov. 22, 1966.

Joseph W. Di Silvestro, plaintiff, pro se.

Joseph P. Hoey, U. S. Atty., Brooklyn, N. Y., for defendant, Ralph A. Bontempo, Asst. U. S. Atty., of counsel.

MISHLER, District Judge.

Several motions are presently before this Court involving these same parties: first, both parties have moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure; second, plaintiff has moved to modify Judge Bruchhausen's pre-trial order, dated September 29, 1965, and to restore the case to the trial calendar. Since the current proceedings represent but a small segment of a protracted series of litigation originating in 1947, it might be helpful to discuss the factual background in some detail.

*Background*

Plaintiff apparently is an honorably discharged veteran of World War II, who was employed as an "adjudicator" for the Veterans' Administration (V.A.) from March 10, 1945 until July 31, 1947, under a "War Service Indefinite" appointment. In 1947, however, any veteran in such status could acquire a preferential status if he had a service-connected disability of not less than ten per cent, had been recommended for such a conversion by his superior, had completed a probationary period, and had passed such examination as the Civil Service Commission may have prescribed. See 12 Fed.Reg. 2835, 5 C.F.R. § 3.102 (Supp.1947) (Effective May 1, 1947). During the term of his employment, plaintiff had submitted a claim for disability, but before it was finally disposed of, he was dismissed from his position as a result of a staff reduction. The dismissal was effective on July 31, 1947

On February 20, 1948, however, the Rating Board of the Veterans' Administration held that plaintiff had a ten per cent service-connected disability, retroactive to October 10, 1946. Thereupon plaintiff sought reinstatement to his former position, and reimbursement for back pay, on the ground that the Board's retroactive decision meant that at the time of his dismissal he should have been treated as one with a preferred, or competitive status. Under such circumstances, he argued, he would never have been removed. The Veterans' Administration denied his requests, and plaintiff sought a court order directing such relief.

Judge Galston granted defendant's motion for summary judgment, holding that even if the Board's determination of disability was given effect with reference to his employment, plaintiff's action still must fall because he had never met any of the additional requirements for conversion to competitive status. Di Silvestro v. United States Veterans Administration, 81 F.Supp. 844 (E.D.N.Y.1949). The Second Circuit affirmed, stating that plaintiff's inability to furnish the necessary evidence of his disability at the time required, which could not be attributed to the V.A., meant that he would have to fulfill the requirements of the 1947 regulations before he could be reinstated. Di Silvestro v. United States Veterans Administration, 173 F.2d 933 (2d Cir. 1949).

When plaintiff's motion to vacate the order of dismissal was denied, Di Silvestro v. United States Veterans Administration, 9 F.R.D. 435 (E.D.N.Y. 1949), he sought leave to amend his complaint and attempted to join Carl Gray, Jr., the Veterans Administrator, and the United States, as party defendants, on the grounds that the V.A. had been negligent in not having processed his disability claim more quickly. Judge Byers refused to permit plaintiff to join either party: first, as regarding the United States, because the action did not fall under the Tucker Act; and, second, as regarding Gray, because the only proper venue was the District of Columbia. In addition, plaintiff's amended complaint was dismissed for failure to state a claim upon which relief could be granted, since plaintiff still failed to show, even with the disability, that he would have been entitled to competitive status. Di

Silvestro v. United States Veterans Administration, 10 F.R.D. 20 (E.D.N.Y. 1950), aff'd, 181 F.2d 502 (2d Cir.), cert. denied, 339 U.S. 989, 70 S.Ct. 1014, 94 L.Ed. 1390 (1950).

Plaintiff then brought suit against Gray in the District of Columbia, but his complaint was dismissed on the ground that the same question had already been litigated on the merits. Di Silvestro v. Gray, 90 U.S.App.D.C. 184, 194 F.2d 355, cert. denied, 343 U.S. 930, 72 S.Ct. 765, 96 L.Ed. 1340 (1952).

Thereafter, the V.A. appears to have re-examined plaintiff's file and concluded that he had tampered with his papers in order to make a more favorable record for his applications.[1] Accordingly, the V.A. cancelled all plaintiff's benefits, except his insurance, pursuant to 38 U.S.C. § 3503 (1964).[2]

Thereafter, plaintiff sought restoration of his pension and compensation benefits, but the action was held to be barred by the no-review clause of 38 U.S.C. § 705 (1952), as amended, 38 U.S.C. § 211(a) (Supp. I, 1965). Di Silvestro v. United States, 132 F.Supp. 692 (E.D.N.Y.1955), aff'd, 228 F.2d 516 (2d Cir.), cert. denied, 350 U.S. 1009, 76 S.Ct. 654, 100 L.Ed. 870 (1956). Although the motion to dismiss was granted without prejudice to plaintiff's right to pursue his administrative remedies,

the Board of Veterans' Appeal sustained the forfeiture. In 1957, plaintiff sought a declaratory judgment that the Board's determination was unlawful, but his action was again dismissed on the basis of the no-review clause. Di Silvestro v. United States Veterans Administration, 151 F.Supp. 337 (E.D.N.Y.1957), cert. denied, 355 U.S. 935, 78 S.Ct. 416, 2 L. Ed.2d 416 (1958).

In still another action, plaintiff listed five causes of action based upon the Federal Tort Claims Act, and again summary judgment was awarded to defendant. Di Silvestro v. United States, 181 F.Supp. 860 (E.D.N.Y.), cert. denied, 364 U.S. 825, 81 S.Ct. 65, 5 L.Ed.2d 55 (1960). Another of plaintiff's actions was dismissed in Di Silvestro v. United States, No. 61–C–1, E.D.N.Y., March 20, 1961.

### Present Action

Then in 1962, plaintiff instituted the action which is presently before this Court. Therein he sought the following relief: (1) the payment of $108.50, representing dividends declared in 1961 and 1962 on a National Service Life Insurance policy granted to plaintiff while he was serving in the armed forces; (2) the setting aside of the revocation of his award of disability, and (3) damages resulting from an allegedly wrongful denial to the plaintiff of medical and hospital care by the V.A.

---

1. One commentator has suggested that fact that the V.A.'s investigation coincided with the termination of protracted and bitter litigation, " * * * creates at least the suspicion that Di Silvestro was a selected victim of a 'low-visibility' system of general non-enforcement of the law." Davis, Veterans' Benefits, Judicial Review, and the Constitutional Problems of "Postive" Government, 39 Ind.L.J. 183, 193–194 (1964).

2. § 3503(a):
Whoever knowingly makes or causes to be made or conspires, combines, aids, or assists in, agrees to, arranges for, or in any way procures the making or presentation of a false or fraudulent affidavit, declaration, certificate, statement, voucher, or paper, concerning any claim for benefits under any of the laws administered by the Veterans' Administra-

tion (*except laws pertaining to insurance benefits*) shall forfeit all rights, claims, and benefits under all laws administered by the Veterans' Administration (*except laws pertaining to insurance benefits*). (Emphasis added).
Then in 1959, Congress added subsection (d), which would have precluded the forfeiture action taken against plaintiff:

* * * no forfeiture of benefits may be imposed under this section * * * upon any individual who was a resident of, or domiciled in, a State at the time the act or acts occurred on account of which benefits would, but for this subsection, be forfeited unless such individual ceases to be a resident of, or domiciled in, a State before the expiration of the period during which criminal prosecution could be instituted. 38 U.S.C. § 3503(d) (1964).

When the case came up before Judge Bartels on motions for judgment on the pleadings, he dismissed the second and third claims on the ground that they were *res judicata,* but ruled that since the first claim was based upon an alleged breach of a life insurance contract, suit may be brought under 28 U.S.C. § 1346 (a) (2) (1964). Plaintiff was granted leave to renew his claim upon submission of the proper papers.

.Plaintiff next moved for permission to present evidence in open court, and to require the court to make amended findings and enter judgment in his favor. Judge Rosling denied plaintiff's motions on May 23, 1963.

About two years later, the instant action finally began to move towards a trial. The preliminary pre-trial stipulation established the following material facts: (1) after the forfeiture was decreed, the V.A. computed that plaintiff had been overpaid in the amount of $2,026.06; (2) the V.A. has offset against the overpayment the dividends which plaintiff ordinarily would have received from his insurance policy; (3) in 1961 and 1962, the V.A. offset a total of $108.50, leaving the balance of plaintiff's debt at $1,917.56, and (4) plaintiff's dividends for 1963, 1964 and 1965, totalling $196.60, have been held by the V.A. pending the outcome of the present action.

Furthermore, the parties agreed that there were no issues of fact to be tried in the case, and that motions for summary judgment would be made if plaintiff failed to obtain a presidential pardon. When plaintiff's efforts for a pardon proved unsuccessful, both parties made their motions for summary judgment, and shortly thereafter, plaintiff also moved to modify Judge Bruchhausen's pre-trial order in certain details, and to reinstate the action to the trial calendar.

These are the motions presently before this Court.

### Issue Before the Court

Since the parties have stipulated that the forfeiture of plaintiff's benefits did not affect his right to dividends under his National Service Life Insurance policy, the issue before this Court is whether the V.A. may set-off those dividends against monies claimed to be due from plaintiff to the United States as the result of benefit payments made to plaintiff which were allegedly procured by fraud.

Defendant argues, first, that under 38 U.S.C. § 211(a) (Supp. I, 1965)[3] the V.A.'s decision that plaintiff owes the United States $2,026.06 is final, conclusive, and not subject to judicial review; and, second, that the set-off against plaintiff's insurance dividends is authorized under 38 U.S.C. § 3101 (1964).

Plaintiff, proceeding *pro se* as always, appears to challenge both the V.A.'s decision and its attempted set-off. As the detailed factual background shows, however, he has unsuccessfully sought a review on the merits of the V.A.'s decision for many years. Thus, the question arises whether the fact that defendant has now attempted to set-off certain sums in an attempt to recover plaintiff's claimed indebtedness, is a circumstance which will finally permit the long-sought review.

### Conclusions of Law

Although "no-review clauses" have been under attack in recent years, the weight of authority appears to hold that the V.A.'s factual and legal findings concerning claims for benefits or payments under the laws administered by that agency are final, conclusive, and unreviewable by the courts even where arbitrary and capricious. Milliken v. Gleason, 332 F.2d 122, 123 (1st Cir.

---

3. § 211(a) (Supp. I, 1965):
Except as provided in sections 784, 1661, 1761, and as to matters arising under chapter 37 of this title, the decisions of the Administrator on any question of law or fact concerning a claim for benefits or payments under any law administered by the Veterans' Administration shall be final and conclusive and no other official or any court of the United States shall have power or jurisdiction to review any such decision.

**520**

1964), cert. denied, 379 U.S. 1002, 85 S.Ct. 723, 13 L.Ed.2d 703 (1965); Sinlao v. United States, 106 U.S.App.D.C. 263, 271 F.2d 846, 848 (1959). Contra; see Dismuke v. United States, 297 U.S. 167, 172, 56 S.Ct. 400, 403, 80 L.Ed. 561 (1936) (dicta); United States v. Williams, 278 U.S. 255, 257–258, 49 S.Ct. 97, 98, 73 L.Ed. 314 (1929) (dicta); Davis, Veterans' Benefits, Judicial Review, and the Constitutional Problems of "Positive" Government, 39 Ind.L.J. 183 (1964); Berger, Administrative Arbitrariness and Judicial Review, 65 Colum. L.Rev. 55 (1965).

■ Furthermore, the general principle seems to be that where the Government has a fund in its possession, it can charge that fund with the claims it has against the fund's owner. 38 U.S.C. § 3101 (1964); see Wisconsin Cent. R. R. v. United States, 164 U.S. 190, 211, 17 S.Ct. 45, 52, 41 L.Ed. 399 (1896); United States v. Crockett, 158 F.Supp. 460 (D.Me.1958); Bowling Green Trust Co. v. United States, 27 F.Supp. 970 (W.D.Ky.1939). Nevertheless, when the Government has sought to exercise its right of set-off, some courts have said that § 211 is inapplicable. For example, in Gongora v. United States, 183 F.Supp. 872, 873 (D.D.C.1960), the Court remarked:

* * * [P]rovisions relating to finality are applicable solely to cases in which a claim is presented against the Government, but does not extend to affirmative claims made by the Government to secure repayments. In other words, the finality provisions may be used as a shield, but not as a sword. Otherwise, in cases such as this, the Court would have no function to perform except to enter judgment for a specified sum on the basis of the administrative ruling.

It seems clear, however, that the courts which have adopted such reasoning have not rested their decisions on an analytic interpretation of the word "claim" as it is used in § 211. "To hold otherwise," they say, "might raise grave constitu-tional doubts as to the statute's validity * * *." United States v. Owens, 147 F.Supp. 309, 314 (E.D.Ark.1957); Hormel v. United States, 123 F.Supp. 806, 810 (S.D.N.Y.1954). Perhaps behind such a vague statement is the feeling that the law of Government largess has developed with too little regard for those procedural safeguards which, in other areas, have proved successful in preventing the arbitrary exercise of power. The need for such safeguards is especially acute where the benefits are awarded.

* * * upon a recognition that misfortune and deprivation are often caused by forces far beyond the control of the individual * * *. The aim of these benefits is to preserve the self-sufficiency of the individual, to rehabilitate him where necessary, and to allow him to be a valuable member of a family and a community; in theory, they represent part of the individual's rightful share in the commonwealth. Reich, The New Property, 73 Yale L.J. 733, 785–86.

■ Where the Government relies on the "no-review clause" to support its own claims, the evils which might result are more obvious, for the Government is at once plaintiff and judge. Indeed, it has been suggested that the Government's creation for itself of an unassailable cause of action which may not be judicially attacked on the merits "* * * is clearly repugnant to fundamental notions of fair play and to our concept of this nation as one of free men having rights against their government * *." United States v. Owens, supra. Accordingly, this Court follows the line of cases which holds that § 211 is inapplicable where the Government seeks a set-off or other relief. Gongora v. United States, supra; Thompson v. Whittier, 185 F.Supp. 306, 313 at n. 3 (D.D.C. 1960), appeal dismissed, 365 U.S. 465, 81 S.Ct. 712, 5 L.Ed.2d 704 (1961); United States v. Lawrence, 154 F.Supp. 454, 457 (D.Mont.1957); United States v. Owens, supra; Hormel v. United States, supra. Contra, United States v. Perry, 141 F. Supp. 443, 445 (E.D.N.C.1956); United

States v. Gudewicz, 45 F.Supp. 787 (E.D. N.Y.1942).

*Disposition*

In light of the foregoing conclusions, plaintiff will be entitled to judicial review of the evidentiary basis of the Government's claimed right of set-off. Of course, since the claim rests upon the V.A.'s decisions, the crucial issue before the Court at such time will be whether, looking at the whole record, the V.A.'s action in decreeing a forfeiture of plaintiff's benefits is supported by substantial evidence. See 5 U.S.C. § 1009(e) (5) (1964); 42 U.S.C. § 405(g) (1964); Illinois Cent. R. R. v. Norfolk & W. R. R., Docket Nos. 15, 17 and 20 (Nov. 14, 1966); Universal Camera Corp. v. N. L. R. B., 340 U.S. 474, 487–488, 71 S.Ct. 456, 464–465, 95 L.Ed. 456 (1951); 4 Davis, Administrative Law § 29.01 at 114 (1958).

Defendant is directed to produce the record of the V.A. proceedings, and both parties may submit further memoranda, all within thirty (30) days from date. Decision on the motions is reserved pending a review of the entire record.