Joseph W. Di SILVESTRO,
Plaintiff-Appellant,

v.

UNITED STATES of America,
Defendant-Appellee.

No. 1309, Docket 85–6075.

United States Court of Appeals,
Second Circuit.

Argued June 28, 1985.

Decided June 28, 1985.

Joseph W. Di Silvestro, pro se.

Thomas P. Battistoni, Asst. U.S. Atty., Brooklyn, N.Y. (Raymond J. Dearie, U.S. Atty., E.D.N.Y., Robert L. Begleiter, Asst. U.S. Atty., Brooklyn, N.Y., on brief), for defendant-appellee.

Before KEARSE and CARDAMONE, Circuit Judges, and WYATT, District Judge.[*]

PER CURIAM:

Plaintiff Joseph W. Di Silvestro appeals from a final judgment of the United States District Court for the Eastern District of New York, Jacob Mishler, *Judge,* dismissing, on the ground of *res judicata,* his complaint against the United States for damages on account of the denial to him of veteran's disability benefits in connection with his service in World War II, and awarding the government $750 in attorney's fees. On appeal, Di Silvestro contends that the court should have reached the merits of his lawsuit rather than applying principles of *res judicata,* and that the court erred in requiring him to pay attorney's fees because he had been given permission by the court to proceed in forma pauperis. Finding no merit in any of his contentions, we affirm the judgment.

For more than three decades, Di Silvestro has been bringing lawsuits, each unsuccessful, in connection with his claim that in the 1940's he was wrongfully deprived of veteran's disability benefits in connection with his World War II service. *See, e.g., Di Silvestro v. United States,* No. CV 83–0895 (E.D.N.Y. Aug. 13, 1983) (Mishler, J.), *aff'd mem.,* 742 F.2d 1436 (2d Cir.1984) (table); *Di Silvestro v. United States,* No. 79 C 1931 (E.D.N.Y. Apr. 11, 1980) (Mishler, C.J.), *aff'd mem.,* 633 F.2d 203 (2d Cir.) (table), *cert. denied,* 449 U.S. 903, 101 S.Ct. 275, 66 L.Ed.2d 134, *rehearing denied,* 449 U.S. 1028, 101 S.Ct. 600, 66 L.Ed.2d 491 (1980), *motion to extend time for appeal denied,* No. 79 C 1931 (E.D.N.Y. Oct. 23, 1981) (Mishler, C.J.), *motion to proceed in forma pauperis denied,* No. 81–6247 (2d Cir. Jan. 6, 1982), *cert. denied,* 454 U.S. 1156, 102 S.Ct. 1030, 71 L.Ed.2d 314 (1982), *motion to reopen denied,* (E.D. N.Y. Mar. 4, 1982) (Mishler, J.), *aff'd mem.,* 697 F.2d 289 (2d Cir.1982) (table), *cert. denied,* 459 U.S. 1177, 103 S.Ct. 828, 74 L.Ed.2d 1023, *rehearing denied,* 460 U.S. 1017, 103 S.Ct. 1264, 75 L.Ed.2d 489 (1983); *Di Silvestro v. United States,* No. 78 C 1525 (E.D.N.Y.1978) (Mishler, C.J.), *aff'd mem.* (2d Cir.), *cert. denied,* 441 U.S. 936, 99 S.Ct. 2062, 60 L.Ed.2d 666, *rehearing denied,* 442 U.S. 924, 99 S.Ct. 2851, 61 L.Ed.2d 292 (1979); *Di Silvestro v. Veterans Administration,* No. 76 C 1167 (E.D. N.Y.1976) (Mishler, C.J.), *aff'd mem.,* 556 F.2d 555 (2d Cir.) (table), *cert. denied,* 434 U.S. 840, 98 S.Ct. 136, 54 L.Ed.2d 322, *rehearing denied,* 434 U.S. 960, 98 S.Ct. 494, 54 L.Ed.2d 322 (1977); *Di Silvestro v. United States,* 268 F.Supp. 516 (E.D.N.Y. 1966) (Mishler, J.), *rev'd and remanded,* 405 F.2d 150 (2d Cir.1968); *Di Silvestro v. United States,* 396 U.S. 964, 90 S.Ct. 441, 24 L.Ed.2d 429 (1969) (denying certiorari); *Di Silvestro v. United States,* 382 U.S. 870, 86 S.Ct. 146, 15 L.Ed.2d 109 (1965) (denying certiorari); *Di Silvestro v. United States,* 380 U.S. 917, 85 S.Ct. 910, 13 L.Ed.2d 802 (denying certiorari), *rehearing denied,* 380 U.S. 959, 85 S.Ct. 1093, 13 L.Ed.2d 976 (1965); *Di Silvestro v. Lumbard,* 376 U.S. 948, 84 S.Ct. 976, 11 L.Ed.2d 977 (denying leave to file petition for writ of mandamus), *rehearing denied,* 377 U.S. 913, 84 S.Ct. 1172, 12 L.Ed.2d 184 (1964); *Di Silvestro v. Clark,* 374 U.S. 822, 83 S.Ct. 1896, 10 L.Ed.2d 1081 (denying leave to file petition for writ of mandamus), *rehearing denied,*

---

[*] Honorable Inzer B. Wyatt, Senior Judge of the United States District Court for the Southern District of New York, sitting by designation.

375 U.S. 873, 84 S.Ct. 35, 11 L.Ed.2d 103 (1963); *Di Silvestro v. United States,* 181 F.Supp. 860 (E.D.N.Y.), *aff'd mem.* (2d Cir.), *cert. denied,* 364 U.S. 825, 81 S.Ct. 65, 5 L.Ed.2d 55, *leave to file second petition for rehearing denied,* 364 U.S. 897, 81 S.Ct. 219, 5 L.Ed.2d 192 (1960); *Di Silvestro v. United States Veterans Administration,* 359 U.S. 929, 79 S.Ct. 613, 3 L.Ed.2d 631 (denying certiorari), *rehearing denied,* 359 U.S. 950, 79 S.Ct. 730, 3 L.Ed.2d 683 (1959); *Di Silvestro v. United States Veterans Administration,* 151 F.Supp. 337 (E.D.N.Y.1957), *application to proceed in forma pauperis denied mem.,* No. 17322 (2d Cir. Nov. 1958), *cert. denied,* 355 U.S. 935, 78 S.Ct. 416, 2 L.Ed.2d 416, *rehearing denied,* 355 U.S. 968, 78 S.Ct. 550, 2 L.Ed.2d 544 (1958); *Di Silvestro v. United States Veterans' Administration,* 132 F.Supp. 692 (E.D.N.Y.1955), *aff'd,* 228 F.2d 516 (2d Cir.) (per curiam), *cert. denied,* 350 U.S. 1009, 76 S.Ct. 654, 100 L.Ed. 870, *rehearing denied,* 351 U.S. 928, 76 S.Ct. 784, 100 L.Ed.2d 1458 (1956). *See also* related claims in *Di Silvestro v. Gray,* 194 F.2d 355 (D.C.Cir.) (per curiam), *cert. denied,* 343 U.S. 930, 72 S.Ct. 765, 96 L.Ed. 1340, *rehearing denied,* 343 U.S. 952, 72 S.Ct. 1043, 96 L.Ed. 1353 (1952); *Di Silvestro v. United States Veterans Administration,* 81 F.Supp. 844 (E.D.N.Y.), *aff'd,* 173 F.2d 933 (2d Cir.), *motion to vacate order dismissing complaint denied,* 9 F.R.D. 435 (E.D.N.Y.1949), *amended complaint dismissed,* 10 F.R.D. 20 (E.D.N.Y.), *aff'd,* 181 F.2d 502 (2d Cir.) (per curiam), *cert. denied,* 339 U.S. 989, 70 S.Ct. 1014, 94 L.Ed. 1390 (1950).

This is another such lawsuit, asserting only claims that have been or could have been raised in the prior lawsuits. The court properly dismissed the present suit on grounds of *res judicata. See, e.g., Allen v. McCurry,* 449 U.S. 90, 94, 101 S.Ct. 411, 414, 66 L.Ed.2d 308 (1980); *Browning Debenture Holders' Committee v. DASA Corp.,* 605 F.2d 35 (2d Cir.1978).

In 1983, in dismissing the then-pending complaint on grounds of *res judicata,* Judge Mishler permanently enjoined Di Silvestro

from instituting any further lawsuits ... against the United States and/or any other person or entity, seeking veterans benefits or damages resulting from the withholding of veterans benefits on account of his World War II service.

*Di Silvestro v. United States,* No. CV 83–0895, slip op. at 3 (E.D.N.Y. Aug. 16, 1983). This Court affirmed. 742 F.2d 1436 (2d Cir.1984) (table). Since the present action seeks damages from the United States resulting from the withholding of veteran's disability benefits on account of Di Silvestro's World War II service, it falls squarely within the prohibition of the injunction.

■ The district court has the inherent power to impose costs, including reasonable attorney's fees, on a plaintiff who brings an action vexatiously or in bad faith. *See, e.g., Nemeroff v. Abelson,* 620 F.2d 339, 348 (2d Cir.1982); *accord Browning Debenture Holders' Committee v. DASA Corp.,* 560 F.2d at 1088; *see also Eastway Construction Co. v. City of New York,* 762 F.2d 243, 252–254 (2d Cir.1985) (reversing district court's refusal to award attorney's fees for frivolous action under Fed.R.Civ.P. 11 where losing party had previously brought and lost action on same claim in state court). The court plainly did not abuse its discretion in concluding that the present action, brought in violation of the court's injunction, constitutes such bad faith and vexatious litigation, and in therefore awarding attorney's fees to the government.

We reject Di Silvestro's argument that Judge Mishler should not have awarded such fees because Di Silvestro had been granted permission to proceed in this suit in forma pauperis by another judge of the court. The present suit violates the clear terms of the injunction entered against Di Silvestro in 1983. Di Silvestro appears to have sought to obscure that fact when he commenced this suit by omitting from his filing documents, which required the identification of related suits, any mention of any of his other lawsuits.

We conclude that the award of attorney's fees in the amount of $750 on account of plaintiff's vexatious and bad faith commencement of this action in violation of the 1983 injunction was within the court's power and was not an abuse of discretion.

We have considered all of Di Silvestro's arguments on this appeal and have found them to be without merit.

The judgment of the district court is in all respects affirmed. The government's request for double costs and attorney's fees on this appeal is denied.